William Edward ROSE, Jr., Plaintiff,

v.

Edward D. KOCH, Mayor of the City of New York, Robert J. Maguire, Police Commissioner of the City of New York, Joseph "Scooter Joe" Willins and Kenneth Kaufman, Police Officers of the City of New York, "John" O'Sullivan and "John" Herman, Detectives of the City of New York, "John Doe" and "Richard Roe", Police Officers of the City of New York, Eugene Gold, District Attorney of the County of Kings, and Thomas Davenport, Assistant District Attorney of the County of Kings, Defendants.

No. 77 C 438.

United States District Court, E. D. New York.

Feb. 21, 1979.

William M. Kunstler, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of the State of New York, New York City (Gerald Ryan, Asst. Atty. Gen., New York City, of counsel), for defendants Gold and Davenport.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff, a black citizen, brought this action under 42 U.S.C. §§ 1981, 1982, 1983 and 1985 and 28 U.S.C. §§ 1331, 1332 and 1343. On March 3, 1977, he filed a *pro se* complaint in this court alleging that certain police officers, state prosecutors, state court judges, and court appointed attorneys had conspired baselessly to prosecute and incarcerate him.

By memorandum and order dated January 31, 1978, this court denied leave to proceed *in forma pauperis,* without prejudice to a renewal of the request if plaintiff filed a complaint within ninety days stating "a comprehensible theory of recovery" against the defendants, "with clear and specific allegations of wrongdoing of constitutional magnitude". The time to file was thereafter extended, and on July 31, 1978 plaintiff filed an amended complaint prepared by counsel. Named as defendants were the Mayor of the City of New York, the Police Commissioner, various police officers and detectives, Eugene Gold (District Attorney of Kings County) and Thomas Davenport (Assistant District Attorney of Kings County).

The amended complaint alleges, in substance, as follows: Although innocent of any crime, plaintiff was arrested for the murder of one Cooper based on false evidence "fraudulently fabricated" by two of the defendant police officers. As a result he was indicted for first degree murder and for armed robbery. He was thereafter indicted for murder of a police officer named Stroud, and this indictment was obtained by defendant Gold although he had information showing others had committed the crime. Plaintiff was held for more than five years without bail or on exorbitant bail and was forced to stand trial once on the indictment for the murder of Cooper and four times on the indictment for the murder of Stroud. He was acquitted in the Cooper case. In the Stroud case the jury hung thrice, and once a conviction was reversed on appeal. After the fourth trial the court dismissed the indictment. In "some or all" of the prosecutions defendant Davenport was "Chief Counsel" for the People. The foregoing actions of the defendants "or some of them" resulted from a conspiracy between defendants "or some of them" to deprive plaintiff of his constitutional rights, and defendants "or some of them" falsely, maliciously and fraudulently accused plaintiff and "concocted fabricated evidence against plaintiff by, among other things, the wilful and deliberate subornation of perjury". The defendants "or some of them" presented the fabricated evidence to grand and petit juries, and in committing these acts defendants "or some of them" were motivated by racial prejudice and in-

tended to and did deprive plaintiff of his constitutional rights.

Gold and Davenport have moved to dismiss the complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("F.R.Civ.P."), on the grounds that they have not been properly served, that the action is barred by the statute of limitations, that they are immune from liability, and that the doctrine of respondeat superior is inapplicable to civil rights cases.

■ Under F.R.Civ.P. 4(d)(7) service is sufficient if made in the manner prescribed by state law. New York CPLR § 308 permits personal service on natural persons by delivering the summons within the state to a person of suitable age and discretion at their "usual place of business" and by "mailing the summons" to their last known residences.

Service as to Gold and Davenport was made on August 2, 1978 upon Richard Mischel, an assistant bureau chief ostensibly "authorized to accept" at the King's County District Attorney's Office. However, there is no proof that the summons was mailed to either Davenport's or Gold's last known residence. The service of process is thus defective.

■ Defective service is not grounds for dismissal absent some showing of prejudice. *See* 5 *Wright & Miller* §§ 1353, 1354. Under F.R.Civ.P. 3 the action is commenced for statute of limitations purposes by the filing of the complaint. Gold and Davenport have suggested no prejudice to them.

■ However, the court need not decide whether the action should remain pending until proper service is completed or whether the statute of limitations requires dismissal. The court has concluded that Gold and Davenport are immune from suit on the claims asserted against them.

In *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976), the Supreme Court accorded a state prosecutor absolute immunity from liability under 42 U.S.C. § 1983 at least where his activities "were intimately associated with the judicial phase of the criminal process." Obvi-

ously the decision did not rest on any approval of the use of false testimony or the suppression of material evidence. Rather the immunity was justified on the ground that to permit a civil trial would inhibit the honest prosecutor in the vigorous and fearless performance of those of his duties "essential to the proper functioning of the criminal justice system." 424 U.S. at 427–428, 96 S.Ct. at 993–94. The Supreme Court left open the question of whether a prosecutor engaged in certain "investigative" activities should enjoy less than an absolute immunity, that is, merely a "good-faith" defense comparable to a policeman's. 424 U.S. at 430, 96 S.Ct. 984. See Note, 52 *New York University Law Review* 173 (1977).

Presumably if a prosecutor is engaged in a factual search no different in kind from that of a police officer his actions are not so "essential" to the judicial process as to call for absolute rather than qualified immunity. If the task may as readily be assigned to someone else, there is little reason wholly to immunize the prosecutor.

But it is important that some "investigative" work be done by the prosecutor if he is properly to fulfill his functions in the judicial process. For example, to prepare and present his case adequately it is desirable that he interview the witnesses and discuss with them their testimony. Almost inevitably he will elicit from them additional details which they have not volunteered. This kind of activity may indeed be termed "investigative", but its significance in the proper prosecution of crime suggests that it should not be permitted to form the basis for a civil claim.

The amended complaint in this case alleges that the defendants "or some of them" maliciously and falsely accused plaintiff (¶ 26) and presented "fabricated" evidence to grand and petit juries (¶ 28). These charges, assuming they encompass Gold and Davenport, are no different in kind from those dismissed in the *Imbler* case. Indeed, they appear to state no more than that the prosecutors presented false evidence fabricated by others.

The additional allegation that in furtherance of the conspiracy defendants "or some of them" concocted fabricated evidence by, among other things, the deliberate subornation of perjury (¶ 28) may perhaps be interpreted to refer to "investigative" acts in addition to presentation of false testimony. But the complaint makes no specific assertions of wrongdoing by Gold and Davenport beyond their allegedly malicious presentation of unfounded charges. They are not explicitly alleged to have engaged in improper "investigation", and nothing more in that line can be inferred from the complaint than that they interviewed the witnesses to prepare the case. Under the reasoning of the *Imbler* case that is not enough.

The motion of Gold and Davenport to dismiss the complaint is granted. So ordered.