**Lester LEE, Plaintiff,**

v.

**Joseph "Scooter Joe" WILLINS et al., Defendants.**

No. 77 C 606.

United States District Court, E. D. New York.

Aug. 16, 1979.

Lester Lee, pro se and John S. Kinzey, Jr., Stuart K. Lesansky, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of the State of New York, New York City (Robert J. Schack, Asst. Atty. Gen., New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This case was originally commenced by plaintiff *pro se* in 1977. Thereafter Judge Sifton appointed counsel for him and at a pre-trial conference on September 12, 1978 authorized the filing of an amended complaint.

The amended complaint, filed October 6, 1978, signed by plaintiff with his assigned counsel as "of counsel", makes claims under 42 U.S.C. §§ 1981, 1982, 1983 and 1985 against various New York City police officers and against defendant Gold, the District Attorney of Kings County, and defendant Davenport, an Assistant District Attorney of Kings County.

In substance, plaintiff's contentions are as follows. In March of 1972 he was arrested and beaten by certain of the officers. He was taken to a police precinct, questioned about the killing of a police officer named Stroud, and charged with unlawful possession of a firearm and remanded.

He soon was released on bail, but was picked up again and questioned further about the killing of Stroud and of one Cooper. Thereafter he was indicted for unlawful possession of a firearm and, along with others including William Rose, for murder of Cooper. A few days later plaintiff, Rose and others were indicted for Stroud's murder.

Plaintiff was tried four times on the Stroud indictment. Three times the jury could not agree, and on a fourth occasion the Appellate Division reversed a judgment of conviction on the ground that the conduct of the trial judge had been unfairly prejudicial. When the case was called for a fifth trial in April 1977, the trial judge

dismissed the indictment. Meanwhile plaintiff was acquitted of the Cooper homicide.

Plaintiff claims that his arrests, trials and incarcerations were the result of a conspiracy among the defendants, or some of them, to deprive him of his constitutional rights, in that they, or some of them, motivated by racial prejudice, had him arrested without probable cause for crimes they knew he did not commit, and deliberately suborned perjury and fabricated evidence which was presented to grand and petit juries. He asks for compensatory and punitive damages.

Gold and Davenport move to dismiss the amended complaint on the ground, among others, that they are immune under the principles set forth in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). In *Rose v. Koch,* 465 F.Supp. 1157 (E.D.N.Y.1979), this court discussed those principles as applied to facts alleged by William Rose, the co-defendant of plaintiff. That discussion will not be repeated here.

The papers in this case assert facts in addition to those appearing in the *Rose* complaint. Here plaintiff's original pleading stated that Gold and Davenport not only offered what they knew to be perjured testimony but coerced a woman named Rhodes into giving that testimony against plaintiff by arresting her without cause and threatening to release her only if she agreed to testify falsely against plaintiff. Plaintiff claims that these activities are not entitled to immunity because they are not "an integral part of the judicial process", as the *Imbler* opinion put it, 424 U.S. at 430, 96 S.Ct. at 994, but are more like "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer" 424 U.S. at 431, 96 S.Ct. at 995.

Citing *Clark v. Lutcher,* 77 F.R.D. 415 (E.D.Pa.1977), plaintiff's counsel contends that the incarceration of Rhodes and the treatment of and threats to her are inherently investigative acts not entitled to immunity. However, plaintiff has no standing to complain of injuries to Rhodes. In *Clark v. Lutcher* the plaintiff himself was allegedly mistreated in order to induce him to testify against someone else.

Perhaps Rhodes can assert a claim against Gold and Davenport for whatever injuries were inflicted on her, but plaintiff may not do so. It was the assertedly perjured testimony which occasioned the alleged injury to him, and, as the *Imbler* case held, for using that testimony in judicial proceedings the prosecutors may not be held to account. To permit plaintiff to avoid the consequences of the *Imbler* decision by showing wrongs done to others in obtaining the perjured testimony would be to invite the very consequences to the prosecutorial function which that case sought to foreclose.

The parties have briefed other questions, some of them at the request of the court, but on full consideration the court deems it unnecessary to decide them. The court expresses its appreciation for the extraordinarily able and dedicated fashion in which assigned counsel have represented plaintiff to date.

The motion of Gold and Davenport to dismiss is granted. So ordered.