Peter DI MAGGIO, Individually and
Trading as Continental Decorators

v.

James L. O'BRIEN, John C. J. Plunkett,
Ronald R. Hammel, Borough of
Jenkintown.

Civ. A. No. 78–1901.

United States District Court,
E. D. Pennsylvania.

Aug. 14, 1980.

Rudolph J. DiMassa, Philadelphia, Pa., for plaintiff.

Joseph P. Green, Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

The defendants, John C. J. Plunkett, council member of the Borough of Jenkintown, Ronald R. Hammel, building inspector for the Borough of Jenkintown, and the Borough of Jenkintown, a municipal corporation, have moved to dismiss this civil rights suit brought by Peter Di Maggio, a decorator. Plaintiff originally filed a multi–count complaint on June 7, 1978. By my order of July 21, 1978 I dismissed his 42 U.S.C. § 1985 claim as to all the defendants and at the same time ordered plaintiff to file a more definite statement under Rule 12(e), Fed.R.Civ.P. Plaintiff filed an amended complaint August 18, 1978 with the Borough of Jenkintown as an additional defendant.[1] In his amended complaint plaintiff reasserts his § 1985 claim against Plunkett and Hammel, original defendants, and against the Borough. I will not analyze the § 1985 claim as to Plunkett and Hammel, since that claim was dismissed by the July 21 order; I will, however, discuss the claim as to the Borough, not a party at the time of the order.

---

1. When the complaint was originally filed, Justice of the Peace James L. O'Brien was one of the defendants. I granted his motion to dismiss on grounds of judicial immunity by order of September 13, 1978, and revised order of May 1, 1979, affirmed by Judgment order of the court of appeals, October 19, 1979.

In his complaint plaintiff alleges defendants intentionally and systematically harassed and discriminated against him by such acts as forcing him to draft and redraft architectural plans, denying him building permits, charging him with criminal neglect for nonexistent building violations, and arresting and bringing him to trial without probable cause on a criminal complaint that had been withdrawn. He claims the defendants conspired and acted in concert to deprive him of his rights under article I section 8, article IV section 4, the thirteenth and fourteenth amendments, and 42 U.S.C. §§ 1981–1988. Jurisdiction is invoked under 28 U.S.C. §§ 1331 & 1343. Plaintiff also claims that his rights under the laws of the Commonwealth of Pennsylvania have been abridged and denied. Although he has not specifically invoked the pendent jurisdiction of the court, his assertions are sufficient on which to predicate such jurisdiction. *Accord, Kedra v. City of Philadelphia*, 454 F.Supp. 652, 679 n.28 (E.D.Pa.1978). In addition plaintiff has not been specific as to his state law cause of action, but that too is not necessarily a bar to the exercise of pendent jurisdiction. In *Patzig v. O'Neil*, 577 F.2d 841 (3d Cir. 1978), the court of appeals remanded for decision by the district court as to whether it should exercise pendent jurisdiction over the state law claims. The Third Circuit stated that, "[f]rom the prolix and rather inartfully drawn complaint, we can glean claims sounding in negligence, as well as a claim for false arrest under state law." *Id.* at 846 (footnote omitted). In this prolix and inartfully drawn complaint I too can so glean. The facts as alleged by plaintiff, and taken as true for purposes of defendants' motion to dismiss, chronicle a rather bizarre series of events culminating in an arrest and aborted trial, with Justice of the Peace O'Brien, according to plaintiff's recitation, announcing during the trial in open court that the criminal complaint filed against the plaintiff had been withdrawn, and then quitting the courtroom abruptly. Amended Complaint ¶ IX, sub-paragraph 21. It is not necessary to repeat in detail plaintiff's allegations. Suffice it to note that whereas it was impossible to discern the nature of the allegations in the original complaint, plaintiff has indeed provided defendants with a more definite statement in the amended complaint. *See infra*, Section II. C. & n. 9 & accompanying text *infra*.

## I. *Legal Claims in General*

I dismiss plaintiff's claims under article I section 8 and article IV section 4 and the thirteenth and fourteenth amendments of the United States Constitution for the following reasons.

█ Article I section 8 of the Constitution enumerates the lawmaking powers of the United States Congress, including the power to lay and collect taxes, regulate commerce, coin money, establish post offices, declare war, etc. None of plaintiff's allegations challenges Congress's exercise of its article I section 8 powers.

█ Plaintiff also asserts a cause of action under article IV section 4, the guaranty clause of the Constitution. Plaintiff does not allege any deprivation of a republican form of government as guaranteed by the article. Indeed when such a claim has been advanced, the Supreme Court has held it to be a non–justiciable political question. *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); *Luther v. Borden*, 48 U.S. (7 How.) 1, 12 L.Ed. 581 (1849).

█ The thirteenth amendment to the Constitution prohibits slavery and involuntary servitude except as punishment for a crime of which one is convicted. Plaintiff has not alleged that the defendants' acts constituted imposition of slavery or the badges or incidents of slavery; nor has he alleged anything remotely connected to a state of involuntary servitude.

██ Plaintiff's cause of action asserted under the fourteenth amendment requires more extensive discussion. I understand plaintiff to be asserting a *Bivens*–type claim under the fourteenth amendment. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388,

91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff's 42 U.S.C. § 1983 claim against defendants Plunkett and Hammel is coextensive with any claim under the fourteenth amendment. Therefore, in accordance with established constitutional jurisprudence, a constitutional question will not be addressed if a statutory claim is dispositive. *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (Brandeis, J., dissenting in part). This principle was further refined by the reasoning in *Bivens* and applicable here, that the existence of a substantial federal statutory cause of action precludes the necessity of *implying* a constitutional remedy. The fourteenth amendment claim against the Borough will be addressed *infra,* section II. C.

With regard to the federal statutory rights at issue, plaintiff's amended complaint states claims under 42 U.S.C. §§ 1981 through 1988. In his reply to defendants' motion to dismiss, however, he states that he referred to the provisions "cumulatively," and that the violations alleged in the complaint refer, in fact, only to §§ 1983 and 1985(2) & (3). I therefore treat plaintiff's statutory claims as arising under these two sections only.

## II. *Claims Against the Borough*

### A. Section 1983

In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court reversed its seventeen year old precedent and held that municipalities can be sued directly under § 1983 for monetary, declaratory, or injunctive relief. The Court, however, limited the scope of the statutory cause of action by holding that a municipality could not be held liable on a *respondeat superior* theory:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or

tom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694, 98 S.Ct. at 2038.

The Third Circuit has enunciated a rule requiring factual specificity in civil rights complaints in order to weed out frivolous and insubstantial cases. *Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir. 1976); *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967). Thus allegations that are overbroad and unsupported by specific factual averments are insufficient to state a claim upon which relief can be granted. *Salvati v. Dale,* 364 F.Supp. 691, 700 (E.D.Pa.1973).

As stated above, *Monell* requires that for a municipality to be held liable for constitutional torts, the allegedly unconstitutional acts must implement a policy, ordinance, or custom of the local government; or have been committed by an official high enough in the government so that his or her actions can be said to represent a governmental decision. The complaint in this case is devoid of any facts that can be interpreted to show any policy, decision, regulation or custom on the part of the Borough with respect to its dealings with the plaintiff. In fact, the only mention in the complaint of the Borough council, whose actions could be said to constitute official policy, *Owen v. City of Independence,* —— U.S. ——, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), is in ¶ VIII sub–paragraph 11 in which plaintiff asserts that the violations alleged in the criminal complaint lodged against him were "formally and publicly withdrawn by defendant HAMMEL before the convened Council of the defendant Borough." The allegedly unconstitutional acts were performed by defendants Plunkett, one council member, and Hammel, one building inspector. A municipality can be held liable for the actions of a single official "so long as his conduct actually represents the official position of the city in a given matter." *Himmelbrand v. Harrison,* 484 F.Supp. 803, 810 (W.D.Va.1980). The acts of one council

member and one building inspector do not without more constitute official policy. *Jones v. City of Philadelphia*, 491 F.Supp. 284 (E.D.Pa.1980).

Thus the allegation in the complaint of Borough responsibility is nothing more than conclusory, and therefore the § 1983 claim must be dismissed.[2] *See Smith v. Ambrogio*, 456 F.Supp. 1130 (D.Conn.1978).

### B. Section 1985

Section 1985 of the 1871 Civil Rights Act provides a cause of action for relief against conspiracies to deprive individuals of certain rights. Plaintiff asserts claims under §§ 1985(2) & (3). The § 1985 claim against defendants Plunkett and Hammel was dismissed as stated above, by order of July 21, 1978.

 If the Borough is to be held liable under § 1985[3] the plaintiff will have to show a conspiracy among or between Borough employees or agents. Assuming for the sake of discussion that defendants Plunkett and Hammel are persons whose activities represent official "edicts or acts" as required by *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037, for holding the municipality liable, the § 1985 claim as to them was dismissed. Therefore, no claim can be maintained against the Borough under this statutory provision.

Even if on review it is determined that the earlier dismissal of the § 1985 claim as to defendants Plunkett and Hammel was improper, this claim nonetheless would be dismissed as to the Borough for the following reasons. With regard to the § 1985(3)

claim, in *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), the Supreme Court held that the statute requires allegations of a "class–based invidiously discriminatory animus" by the defendant against the plaintiff. The Court left open the question of what discriminatory classifications other than racial might serve as a predicate for a § 1985(3) claim. The plaintiff here has alleged no class–based animus, nor anything that even remotely suggests any categorization by the Borough. For the same reasons the court of appeals in *Jennings v. Shuman* upheld dismissal of a § 1985 claim. 567 F.2d at 1213, 1221.

 To dismiss the § 1985(2) claim, I have to reach a question not yet decided by the Third Circuit, that is, whether *respondeat superior* liability can be asserted under § 1985. *DeTore v. Local # 245*, 615 F.2d 980, 983 (3d Cir. 1980) ("an issue we do not decide . . ."). I have determined that defendants Plunkett and Hammel are not officials of the Borough exercising sufficient authority to hold the Borough accountable for their actions. Therefore plaintiff would be claiming § 1985(2) liability against the Borough on a *respondeat superior* theory. Inasmuch as §§ 1985 and 1983 are part of the Civil Rights Act of 1871, I assume that the definition of "person" in both sections is the same, and therefore municipalities can be held liable under § 1985. Moreover, the causation language in § 1985 is equivalent to that in § 1983 on which Justice Brennan relied in his textual analysis of the statute.[4] Therefore the *Mo-*

---

**2.** Plaintiff has already amended his complaint once and will not be granted leave to amend again to try yet another time to state a claim against the Borough under § 1983. *See* Section II. C., *infra*, and discussion of pendent jurisdiction.

**3.** Although some courts have held that a § 1985 cause of action cannot lie against a corporation, since it cannot conspire with itself, *e. g.*, *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir. 1972); *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911 (5th Cir. 1952), *cert. denied*, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356

(1953); the Third Circuit rejected this position in *Novotny v. Great American Federal Savings & Loan Assoc.*, 584 F.2d 1235 (3d Cir. 1978), *vacated and remanded on other grounds*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979).

**4.** Section 1985: "in any case of conspiracy set forth in this section, if one or more persons engaged therein *do, or cause to be done*, any act . . . ." Section 1983: "[a]ny person who . . . *shall subject or cause to be subjected*, any person . . . ." (Emphasis added.)

*nell* analysis that liability under § 1983 cannot be predicated on *respondeat superior* applies with equal force to § 1985. *Accord, Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir.), *cert. denied*, 444 U.S. 980 (1979); *Edmonds v. Dillin*, 485 F.Supp. 722, 725 (N.D. Ohio 1980).

## C. Fourteenth Amendment and Pendent State Law Claims

The fourteenth amendment claim against the Borough presents a somewhat more difficult question. Before the Supreme Court ruling in *Monell*, municipalities were not suable under § 1983. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Between *Monroe* and *Monell* a number of courts had found municipalities liable for damages in actions brought directly under the fourteenth amendment. *Compare Turpin v. Mailet*, 579 F.2d 152 (2d Cir. 1978), *vacated and remanded on other grounds, sub nom. City of West Haven v. Turpin*, 439 U.S. 974, 99 S.Ct. 554, 58 L.Ed.2d 645 (1978) (fourteenth amendment cause of action lies) (the opinion in *Turpin* was issued one day before *Monell*); *City of Inglewood v. City of Los Angeles*, 451 F.2d 948 (9th Cir. 1971) (fourteenth amendment cause of action lies); *Norton v. McKeon*, 444 F.Supp. 384 (E.D.Pa.1977), *aff'd*, 601 F.2d 575 (3d Cir. 1979) (fourteenth amendment cause of action lies); *with Kostka v. Hogg*, 560 F.2d 37 (1st Cir. 1977) (no fourteenth amendment cause of action); *Schweiker v. Gordon*, 442 F.Supp. 1134 (E.D.Pa.1977) (no fourteenth amendment cause of action); *Jones v. McElroy*, 429 F.Supp. 848 (E.D.Pa.1977) (no fourteenth amendment cause of action).

Consistent with the principle enunciated in *Ashwander*, since *Monell* held that *under certain circumstances* municipalities could be sued directly under § 1983, there would be no need to imply a direct cause of action

under the fourteenth amendment when those circumstances obtain. But in *Monell* the Court also held that although a municipality can be sued under § 1983 it cannot be held liable on a *respondeat superior* theory. I come to the *Bivens* teaching that if there is no effective and substantial statutory remedy a direct action under the Constitution may be implied. Two questions logically present themselves: (1) does § 1983 provide an effective remedy in a case where the only potential predicate for liability against a municipality rests on a *respondeat superior* analysis; (2) if not, is there an implied cause of action under the fourteenth amendment when *respondeat superior* liability is invoked.

The Supreme Court did not decide these issues. In *Monell* Justice Powell in a concurrence stated, "[r]ather than constitutionalize a cause of action against local government that Congress intended to create in 1871, the better course is to confess error and set the record straight, as the Court does today." *Monell*, 436 U.S. at 713, 98 S.Ct. at 2047 (Powell, J., concurring) (footnote omitted). The majority opinion, however, did not endorse this dictum.

Moreover, the question of an implied fourteenth amendment cause of action with *respondeat superior* liability is still open in this circuit.[5] In fact this court of appeals has explicitly eschewed addressing the difficult and complex constitutional question of whether to imply a fourteenth amendment cause of action when an alternative approach adjudicating state claims coextensive with the fourteenth amendment claim has provided a substantially equivalent remedy. *Gagliardi v. Flint*, 564 F.2d 112 (3d Cir. 1977), *cert. denied*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978); *Mahone v. Waddle*, 564 F.2d 1018 (3d Cir. 1977), *cert. denied sub nom. Pittsburgh v. Mahone*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147

---

5. Several courts in this district have held that after *Monell*, an implied fourteenth amendment cause of action with *respondeat superior* liability would be a direct flouting of congressional intent as interpreted in *Monell* to prohibit such

liability. *Locust v. Degiovanni*, 485 F.Supp. 551 (E.D.Pa.1980); *Jones v. City of Philadelphia*, 481 F.Supp. 1053 (E.D.Pa.1979); *Kedra v. City of Philadelphia*, 454 F.Supp. 652.

(1978); *Patzig v. O'Neil,* 577 F.2d 841. The court fashioned what it called "[a]n alternative basis on which we affirm the dismissal by the district court of the fourteenth amendment claim [based on] the presence in this case of pendent state law claims." *Mahone v. Waddle,* 564 F.2d at 1025 (footnote omitted).

In light of the difficult constitutional questions remaining after *Monell,* the Third Circuit caution in not unnecessarily addressing the constitutional issue seems particularly appropriate.[6] The court of appeals' analysis is structured on the teaching of *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), that the question of whether a cause of action exists is distinct from the issue of the existence of a jurisdictional predicate. Thus, the court of appeals has held that the fourteenth amendment claim raised a substantial federal question sufficient to support § 1331 jurisdiction over a municipality without deciding whether a fourteenth amendment cause of action in fact exists. The court then held that a district court in its discretion could entertain pendent state law claims against the municipality before and without addressing any constitutional claims.[7]

 In order for a court to exercise pendent jurisdiction, the claims that would be jurisdictionally deficient standing alone, must arise out of a "common nucleus of operative fact" with claims over which there is jurisdiction. *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577

(1974); *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). A court should retain jurisdiction if it advances judicial economy, convenience, and fairness to the litigants. The state law claims in this suit asserted against the Borough are offered on a *respondeat superior* theory,[8] which in turn rests on determinations of liability against the individual defendants. Thus the exercise of pendent jurisdiction in this case clearly promotes judicial economy and causes no undue hardship to the defendants. I therefore dismiss plaintiff's fourteenth amendment claim against the Borough, but retain jurisdiction to hear his pendent state law claims.

III. *Claim Against the Individual Defendants*

 The only federal claim remaining against defendants Plunkett and Hammel is brought under § 1983. To state a claim under that section, a plaintiff must allege a deprivation of rights secured by the Constitution and laws by a defendant acting under color of state law. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The "under color of state law" requirement is met when a plaintiff alleges the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). The allegations of the complaint satisfy this

---

**6.** As the Third Circuit observed in both *Mahone,* 564 F.2d at 1026, and *Patzig,* 577 F.2d at 851 n.11, in a case in which the plaintiff's state law claims are *not* coextensive with the fourteenth amendment claim, the court might have to reach the fourteenth amendment question. In this case the claims as I understand them are malicious use and abuse of process, false imprisonment, and unlawful arrest, *see Jennings v. Shuman,* 567 F.2d 1213 (3d Cir. 1977), and are coextensive with the fourteenth amendment claim.

**7.** This approach was recently applied in *Hunter v. City of Philadelphia,* No. 79–2124 (E.D.Pa. March 12, 1980). In *Kedra v. City of Philadel-*

*phia,* the court held that, "[a]lthough I have held that municipalities may not be sued directly under the Fourteenth Amendment on a *respondeat superior* theory, the question has not been decided by the Supreme Court and the Fourteenth Amendment claim therefore is not insubstantial in a jurisdictional sense." 454 F.Supp. at 682.

**8.** In *Ayala v. Philadelphia Bd. of Public Educ.,* 453 Pa. 584, 305 A.2d 877 (1973), the Pennsylvania Supreme Court abolished governmental immunity from liability for torts of its employees.

requirement, since it was by virtue of defendants' positions with the Borough that they were able to act against the plaintiff in the ways alleged.

The plaintiff alleges deprivation of due process and equal protection under the fourteenth amendment. As noted in section II. B. *supra,* the complaint is devoid of any allegation of class–based discrimination. Thus an equal protection analysis is not applicable to the injury alleged.

Plaintiff does however properly allege a due process claim. In his factual averments he states that he was charged with and arrested for criminal violations of building, construction, and zoning regulations without just or probable cause, and that the purpose was to harass and drive him out of business and out of the area. Malicious use and abuse of process [9] are constitutional torts, since they are "by definition a denial of procedural due process." *Jennings v. Shuman,* 567 F.2d at 1220. As in the case of the state law claims against the Borough, I will exercise pendent jurisdiction over the state law claims against the individual defendants, as well as entertain the § 1983 claims against them.

## IV. Remedy

In his complaint plaintiff has not stated whether he is suing the defendants in both their individual and official capacities. Another court in this district has held that

"Sued individually and in their official capacity" is one of those standard boilerplate clauses that frequently find their way into pleadings against public officials. The purpose of such an averment appears to be the reservation of alternate sources of recovery for the alleged misconduct–the individual's personal re-

sources, and the treasury of the governmental body which he serves.

*Kedra v. City of Philadelphia,* 454 F.Supp. at 664. Plaintiff has alleged only that Plunkett and Hammel did not act in their individual capacities, but rather under color of state law.

In *Monell,* the Supreme Court held:

Since official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent–at least where Eleventh Amendment considerations do not control analysis–our holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are "persons" under § 1983 in those cases in which, as here, a local government would be suable in its own name.

436 U.S. at 690 n.55, 98 S.Ct. at 2036 n.55. Since I have dismissed the federal claims as to the Borough, plaintiff cannot recover damages against the individual defendants if they are sued only in their official capacities, for recovery would have to come from the Borough coffers, and that was precluded by the earlier ruling.

Plaintiff is granted leave to amend the complaint to state with particularity in what capacities the defendants are being sued.

---

9. In *Jennings v. Shuman,* the Third Circuit analyzed the difference between malicious use and abuse of process under Pennsylvania law, and held that "malicious use" means process initiated without probable cause; "malicious abuse," on the other hand, refers to process, regardless of how initiated, that is thereafter used for unlawful purposes. 567 F.2d at 1217–18. The court concluded that the torts are not mutually exclusive. *Id.* at 1218.