Lowell BABUS a/k/a George Ballard, Robert Brown, Plaintiff,

v.

Police Officer John TRONOSKY (Shield # 7453), Individually and as a Police Officer of the City of New York; Edward McGuire, Individually and as Police Commissioner of the City of New York; Assistant Attorney Daniel Malloy, Individually and as Assistant District Attorney of the State of New York, County of Kings; and District Attorney Elizabeth Holtzman, Both Individually and as District Attorney of the State of New York, etc., Defendants.

No. 82 Civ. 5585 (JES).

United States District Court, S.D. New York.

May 24, 1983.

Lowell Babus, plaintiff pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants; George Gutwirth, Jonathan Weinberger, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff, a prisoner pro se, commenced this civil rights action pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 against John Tronosky, a New York City police officer, Edward [sic] McGuire, New York City Police Commissioner, Elizabeth Holtzman, Kings County District Attorney and Daniel Malloy, an Assistant District Attorney for Kings County, alleging that defendants violated his first, fourth, fifth, sixth, eighth and fourteenth amendment rights in connection with an arrest and subsequent trial. Plaintiff also has asserted pendent state claims for false arrest, assault, false imprisonment, malicious prosecution and negligence.

Defendants McGuire, Holtzman and Malloy have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant Tronosky has moved to dismiss only the pendent state claims on the grounds that plaintiff failed to file a notice of claim within 90 days after the claim arose, which he contends is required by New York General Municipal Law § 50–e (McKinney 1977 and Supp.1982–83). For the reasons which follow, the motions of defendants McGuire, Holtzman and Malloy are granted. Defendant Tronosky's motion is denied.

Defendant prosecutors Holtzman and Malloy raise the defense of prosecutorial immunity. It is well settled that prosecutors are absolutely immune· from civil suits for actions undertaken within the scope of their prosecutorial duties. *Imbler v. Pachtman,* 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976); *Lee v. Willins,* 474 F.Supp. 970 (E.D.N.Y.1979), *aff'd,* 617 F.2d 320 (2d Cir.), *cert. denied,* 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980). Since plaintiff alleges no conduct by either of these defendants outside the scope of their prosecutorial duties, their motion must be granted. Indeed, plaintiff himself concedes that the action against them must be dismissed. Plaintiff's Reply to Answer at para. 5.

Defendant McGuire argues that the federal claims asserted against him must be dismissed because plaintiff has failed to allege that he participated in or was responsible for the conduct complained of. Plaintiff seeks to impose liability on McGuire on two theories, to wit: (1) that McGuire conspired to deprive him of his civil rights and to cover up the alleged constitutional violations; and (2) that McGuire was responsible for the training and supervision of Tronosky.

The record is devoid of any factual support for plaintiff's conclusory assertion that McGuire conspired against him. With regard to plaintiff's alternative theory, it is clear that McGuire may not be held liable for damages under the civil rights laws based solely on the doctrine of respondeat superior. *See, e.g., Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); *DiMaggio v. O'Brien,* 497 F.Supp. 870 (E.D. Pa.1980); *Moriani v. Hunter,* 462 F.Supp. 353, 357 (S.D.N.Y.1978). Plaintiff has not alleged that McGuire had any personal knowledge of Tronosky's conduct. While he relies on McGuire's statutory duty to train and supervise, he has not alleged any history or pattern of conduct by police offi-

cers from which the Court could infer that McGuire expressly or tacitly authorized, approved or ratified the conduct complained of. Accordingly, McGuire's motion to dismiss is granted. *See Monell,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; *Turpin v. Mailet,* 619 F.2d 196 (2d Cir.1980), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980); *Finkelstein v. City of New York,* 543 F.Supp. 161 (S.D.N.Y.1982).

Having dismissed the federal claims against defendants Holtzman, Malloy and McGuire, it follows that the pendent state claims against them must also be dismissed. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

There remains for consideration defendant Tronosky's motion to dismiss the pendent state claims. New York General Municipal Law § 50–e1(b) requires that a notice of claim be served on the public employer when an action is commenced against it and/or when the public employer has a statutory duty to indemnify the employee sued.[1]

The Court cannot determine with certitude from a reading of plaintiff's complaint whether, in fact, plaintiff has commenced an action against the City of New York (the "City"). While plaintiff's first two causes of action are specifically denominated causes of action against the City, plaintiff has neither served it with process nor named it as a defendant in the caption. Since it is not clear that plaintiff's complaint is in fact insufficient as a matter of law, Tronosky's motion to dismiss must be denied.[2] However, plaintiff is directed to file an amended complaint eliminating any ambiguity as to whether he does intend to sue the City. In the event that plaintiff's amended complaint does make it clear that the City is

indeed a defendant in this action, Tronosky is granted leave to renew his motion to dismiss with respect to the amended complaint.

It is So Ordered.

---

1. Section 50–e1(b) provides:

   Service of the notice of claim upon an officer, appointee or employee of a public corporation shall not be a condition precedent to the commencement of an action or special proceeding against such person. If an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim upon

the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law.

2. Since plaintiff alleges that Tronosky's conduct was intentional, the City would have no duty to indemnify. N.Y.Gen.Mun.L. § 50–k3 (McKinney Supp.1982–83).