879 F.2d 863
 14 Fed.R.Serv.3d 345
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joe L. YOUNG, Plaintiff-Appellant,
v.
James M. WEBB, Secretary, Department of the Navy, Defendant-Appellee.
 No. 88-2947.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 3, 1989.
Decided: July 13, 1989.
 
 James Ferbee Gay (Legal Center of Gay & Simmons), for appellant.
 Michael Anson Rhine (Office of the United States Attorney), for appellee.
 Before HARRISON L. WINTER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joe L. Young, a federal employee, appeals from the district court's order denying his Fed.R.Civ.P. 60(b) motion for reconsideration of its order dismissing his action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (Title VII), because process was not served as required by Fed.R.Civ.P. 4(d)(5) within 120 days of filing suit. See Fed.R.Civ.P. 4(j). We affirm.
 
 
 2
 On October 23, 1987, the Merit Systems Protections Board denied Young relief on his discrimination claim and informed him that he could seek judicial review by filing a petition in district court no later than 30 days after the Board's decision became final. On November 20, 1987, Young, through his attorney, filed an action in district court under Title VII. Young named James Webb, Secretary, Department of the Navy, as defendant.
 
 
 3
 On January 11, 1988, the clerk's office wrote Young's attorney, James F. Gay, requesting a status report explaining why no return of service had been filed with the court within the thirty or more days which had passed since the case was filed. When no response was received by the clerk to the January letter, the clerk wrote to Gay again requesting information on status of process. By letter dated February 10, 1988, Gay forwarded an executed return of service to the clerk showing that service had been made on the Secretary of the Navy. Gay made no mention of service on the United States Attorney or the Attorney General.
 
 
 4
 On February 24, 1988, the district court judge wrote to Gay and explained that service on the Secretary of the Navy alone did not comply with the requirements of Fed.R.Civ.P. 4. The letter warned that the action would be dismissed on March 19, 1988, unless the court received proof of service by that date. Having heard nothing from Gay, the judge dismissed the case without prejudice on March 21, 1988.
 
 
 5
 Thereafter Young moved to set aside the dismissal. The district court denied the motion for lack of material circumstances warranting reappraisal. Young subsequently filed a Rule 60(b) motion seeking reconsideration of the order dismissing his complaint, which the district court denied.
 
 
 6
 Young argues on appeal that the district court abused its discretion by failing to grant his Rule 60(b) motion on account of his attorney's excusable neglect. He explains that Michael Hockaday, an associate with the law firm representing him, withdrew from the firm and that Gay, who was his primary attorney, had a prior commitment to assist in preparing an appeal to this Court on a separate case.
 
 
 7
 This is not a case where the failure to execute proper service is attributed to one other than plaintiff or plaintiff's counsel. See, e.q., Jordan v. United States, 694 F.2d 833 (D.C.Cir.1982). Nor is this a case where a pro se plaintiff untutored in the law failed to execute proper service. See, e.q., Rose v. Koch, 465 F.Supp. 1157 (E.D.N.Y.1979). The defect in service in this case was due to the failure of Young's attorney to satisfy the requirements of Rule 4(d)(5). Attorney negligence does not constitute "excusable neglect" for purposes of Rule 60(b). Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573 (4th Cir.1973). Therefore the district court did not abuse its discretion in refusing to set aside its judgment. See Whale v. United States, 792 F.2d 951 (9th Cir.1986).
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the briefs and record and oral argument would not aid the decisional process.
 
 
 9
 AFFIRMED.