## Hart v. O'Malley

*Charles M. Watkins,* for plaintiffs.

*Frank T. Blasi,* for defendant Elizabeth O'Malley.

*Patrick C. Carey,* for defendant Charles J. Aliano.

VANSTON, *P.J., specially presiding,* May 28, 1993— The defendants have filed preliminary objections to plaintiffs' complaint which are essentially in the nature of demurrers. The plaintiffs have filed preliminary objections to defendants' preliminary objections. After argument and briefing, this morass is now ripe for disposition.

This action has its origin in another court proceeding in which these parties were involved to varying degrees. Unfortunately, a rather lengthy recitation of the facts is necessary to place the instant action in proper context.

Harts own a mobile home park in Susquehanna County which they proposed to expand. Their land adjoins that of Elizabeth O'Malley, wife of the former President Judge (and now Senior Judge) of Susquehanna County. Prior to commencing construction on the mobile home park expansion project, Harts filed the necessary application for approval with the Susquehanna County Planning Commission. Just as the commission was about to grant final approval to Harts' application, Mrs. O'Malley, through her attorney, Charles Aliano, filed an action in equity in the Court of Common Pleas of Susquehanna County which sought to preliminarily and permanently enjoin the commission from granting approval to Harts' application. On March 5, 1992, the Honorable Kenneth W. Seamans, President Judge, granted O'Malley's ex parte petition for preliminary injunction and entered an order enjoining the commission from granting approval of Harts' plans until further order of court. Hearing on the continuance of the preliminary injunction was set as required by the Pennsylvania Rules of Civil Procedure. At hearing, counsel for the Planning Commission stipulated to the continuance of the injunction and approval of the bond posted by O'Malley, which was without surety.

Judge Seamans then recused himself, and the undersigned was assigned to this matter. Harts, through their first counsel, petitioned to intervene as parties defendant in the equity action, and, after hearing in May 1992, the said petition was granted. Harts then moved to dissolve the injunction, but efforts to schedule a hearing on that motion proved fruitless, as all counsel repeatedly agreed to multiple continuances of the hearing.

Harts then retained new counsel, who is also their attorney in the instant matter. Rather than pursue hearing on the motion to vacate the injunction, he elected to file an appeal to the Commonwealth Court of Pennsylvania, thereby divesting this court of jurisdiction to hear the matter during the pendency of the appeal. Commonwealth Court (no. 1353 C.D. 1992) dismissed the appeal on June 30, 1992 and denied reconsideration of said dismissal on July 22, 1992.

At long last, this court was finally able to conduct an evidentiary hearing and argument on the issue of continuation of the preliminary injunction on October 16, 1992. Following the hearing, the court vacated the injunction and granted summary judgment in favor of Harts and the Planning Commission. (See this court's order of October 16, 1992 filed to Susquehanna County Court of Common Pleas no. 1992-262 C.P.)

Harts have now brought an action against O'Malley and her counsel, Aliano, alleging counts in wrongful use of civil proceedings, abuse of process, and intentional infliction of emotional distress, and praying for both compensatory and punitive damages. To this complaint the defendants have demurred. Not to be outdone, plaintiffs have preliminarily objected to defendants' preliminary objections, complaining that they raise facts outside the record of this matter and argue

conclusions of law. These preliminary objections to preliminary objections, in the court's view, argue facts dehors the record and argue conclusory statements. They constitute a specious and meritless pleading and will be dismissed without further discussion.

The tort of wrongful use of civil proceedings is a creature of statute, and its requisite elements are set forth at 42 Pa.C.S. §8351 et seq. Abuse of process is a tort at common law. The two are similar in nature although apply to different aspects of civil actions. Wrongful use of civil proceedings was created to provide a remedy where a civil action had been commenced against the aggrieved party as a result of gross negligence, or without probable cause, or for some improper purpose. Abuse of process is designed to provide a remedy to a party aggrieved as a result of some misuse of the civil process aimed at an illegitimate objective. It does not require proof of intent.

In the instant matter, O'Malley did not initiate or continue a civil action against Harts. She sued the Planning Commission. Harts sought and were granted leave to intervene in that suit. The issue now presented to the court is whether a voluntary intervenor in a prior action may now have a cause of action for either of these torts against the party who initiated the action. Counsel for none of the parties has provided the court with any appellate authority directly on point.

As noted, these torts both rest on the wrong of using a legal process for other than its intended purpose as "when process is used to effect an extortionate demand, or to cause the surrender of a legal right...." *Mines v. Kahle,* 557 F. Supp. 1030, 1039 (W.D. Pa. 1983). The misuse of process suggests some type of involuntary participation on the part of the aggrieved party. In this suit, the Harts chose to intervene.

The Supreme Court of Pennsylvania has referred to intervention as a "voluntary and discretionary act" whereby the intervenor chooses to enter the process rather than "by reason of any adverse process." *Bannard v. N.Y.S. Natural Gas Corp.,* 404 Pa. 269, 279-80, 172 A.2d 306, 312 (1969). In *Bannard* the Pennsylvania Game Commission intervened in a land dispute and then attempted to use sovereign immunity as a defense; the court rejected this defense, stating that the commission waived sovereign immunity when it chose to enter the fray. *Id.* at 281, 172 A.2d at 313. Similarly, when the Harts chose to intervene in this litigation, they waived any objections to the use of process which instituted the original action.

An examination of the Pennsylvania Rules of Civil Procedure reveals the impropriety of the Harts' claim. According to Pa.R.C.P. 2329(1), a petitioner may be denied the right to intervene if "the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action." Courts have interpreted this rule to mean that a petitioner must take the action as he finds it. Therefore, he may not object to the prior proceedings. *Commonwealth ex rel. McEwen v. Cleary,* 60 D.&C.2d 663, 666 (1972). The Superior Court of Pennsylvania applied this principle when it prevented an intervenor from moving to strike an appeal where the intervenor was admitted to the action after the appeal had been granted. *Kittanning Country Club's Liquor License Case,* 124 Pa. Super. 582, 189 A. 679 (1937). Since the Harts entered the suit after the preliminary injunction had been granted and the stipulation entered into, they cannot be heard to object to the means by which that injunction and stipulation originated, that is, the "use of process."

Another restriction which binds the intervenor is that he "should not be allowed to become a party to the suit merely to review what the court has done and to require demonstration of the legality and propriety of its action." *Commonwealth ex rel. Chidsey v. Keystone Mutual Casualty Co.,* 366 Pa. 149, 154, 76 A.2d 867, 870 (1950). Harts are attempting to have the court review its actions prior to the Harts' admission into the proceedings. *Chidsey,* however, did permit the review of the factual basis of a consent decree where there had been no official findings of fact. Thus, if the Harts chose to examine the factual basis of the injunction and stipulation, such would be allowed because there had been no findings of fact as of the time of their intervention. This, however, has been done with the dissolving of the injunction at the court's first opportunity to do so.

One is compelled to consider the bases of both wrongful use of civil process and abuse of process torts. In *Dimaggio v. O'Brien,* the District Court of the Eastern District of Pennsylvania referred to both as denials of procedural due process and, therefore, constitutional torts. *DiMaggio v. O'Brien,* 497 F. Supp. 870, 878 (E.D. Pa. 1980). In that case, the plaintiff averred "that he was charged with and arrested for criminal violations ... without just or probable cause..." for purposes of harassment and eviction. *Id.* at 878. Here, no claims were brought against the Harts; they chose to intervene and thus have not been denied their due process. More importantly, the Harts took advantage of due process to inject themselves into the original dispute, and to prevail therein.

It is also necessary to address the demurrer to the counts in the complaint asserting a cause of action for intentional infliction of emotional distress. Viewing

the allegations in the light most favorable to the plaintiffs, one cannot say that O'Malley and Aliano's conduct rose to the level of "outrageousness" required to sustain, prima facie, a complaint for intentional infliction of emotional distress. *Kazatsky v. King David Memorial Park Inc.,* 515 Pa. 183, 527 A.2d 988 (1987). This does not mean that this court condones the actions of O'Malley and Aliano. To the contrary, this court has already found that O'Malley's original equity action was wholly without merit. Unfortunately, not every wrong has its corresponding right.

Lastly, this court would be remiss in not passing comment on the conduct of counsel in the preceding case. Undoubtedly, Harts were damaged by the long delay of seven months before the preliminary injunction could be vacated. This delay was due, almost in its entirety, to the willingness of counsel for all parties to continue the several hearing dates set by the court and by the meritless appeal to the Commonwealth Court. This writer, however, fails to comprehend why an action on the bond posted by O'Malley was not pursued.

Further, to inject into the pleadings in this proceeding that Mrs. O'Malley is the spouse of a senior judge, and to argue that she has, by her actions, misused that "position of authority," is so utterly absurd that this court will not waste its time in disposing of such contentions.

## ORDER

And now, May 28, 1993, for the reasons set forth in the opinion of the court of even date, it is ordered that plaintiffs' preliminary objections to defendants' preliminary objections are overruled.

It is further ordered that defendants' preliminary objections to plaintiffs' complaint, in the nature of a demurrer, are sustained, and the above-captioned matter is dismissed.