**Andrew Del SIGNORE, Plaintiff,**

v.

**CITY OF McKEESPORT, PENNSYLVANIA, Mayor Lou Washwich, McKeesport City Council Members William Dougherty, James Honick, Carolyn W. Young, William Campbell, Sam R. Vidnovic, Joe F. Graziano and Charles D. Mikell, Police Chief James Lundie, Fire Chief Bazylac, Deputy Fire Chief Dellapenna, Building Inspector William Weissert, Ordinance Officer Joe Mulac, Ordinance Officer Mr. Kimber, City Solicitor John Cambest, Timothy Indyk Construction Co., Allegheny County Health Department, Middle Department Inspection Agency, Inc., Charles Indyk, Garth Indyk, Joseph Indyk, the Re–Development Authority of the City of McKeesport, Ted E. Jaworsky, Timothy Indyk, Edward Indyk, Ann Puc, McKeesport Department of Community Development, Defendants.**

Civ. A. No. 87–1383.

United States District Court,
W.D. Pennsylvania.

March 3, 1988.

John F. Cambest, Pittsburgh, Pa., for City of McKeesport et al.

Pamela Ferguson, Pittsburgh, Pa., for Allegheny County Health Dept.

Frank G. Salpietro, Meyer, Unkovic & Scott, Pittsburgh, Pa., for Middle Dept. Inspection Agency, Inc. and Ted E. Jaworsky.

MEMORANDUM ORDER

COHILL, Chief Judge.

Presently before us are motions to dismiss (or in some cases alternative motions for summary judgment) filed by Middle Department Inspection Agency, Inc., its employee Theodore Javorsky (collectively "Middle Department"), City of McKeesport, et al. ("McKeesport"), Allegheny County Department of Health ("ACDH"), and Charles Indyk, all defendants in the above-captioned action. For the reasons set forth below, we find that plaintiff Andrew Del Signore's Complaint and Amended Petitions fail to state a claim for which relief may be granted. However, we will grant plaintiff leave to amend his deficient pleadings. Accordingly, will deny Middle Department's and Charles Indyk's Motion to Dismiss without prejudice. We will deny ACDH's and McKeesport's motions to dismiss, in part, without prejudice, and will reserve ruling on other portions of their motions.

**1.** The plaintiff's pleadings contain many misspelled words and somewhat inarticulate statements. We will not use the traditional "sic"

## I. BACKGROUND

Each motion to dismiss challenges, on various grounds, the sufficiency of plaintiff's Complaint and two "Amended Petitions." The plaintiff's pleadings are obscure, to say the least, but we will attempt to summarize them here. The plaintiff alleges jurisdiction of this court under 42 U.S.C. § 1983. He asserts that on June 29, 1985, the defendants conducted a "complete confiscation of [his] lifes possessions —smashed, confiscated and or trucked away to a dump," and "unlawful restaint (jailment) while smash confiscation of all of lifes possessions were purpetrated upon plaintiff." [1] Plaintiff's Complaint, p. 4. He alleges that this occurred at his house on 1802 Packer Street, McKeesport, Pennsylvania. Id. at 3.

The plaintiff claims that the defendants took such actions in violation of his following federal constitutional rights;

1. His "right to live on earth and garner the gifts which creator made for men to have and enjoy,"

2. His right to "pursue happiness thru life and liberty to do so,"

3. His right to own "objects of earthly made substances and or objects which give him joy in living,"

4. His right to "own property and manage it for his life and his family life benefit," and

5. His right "to not be handed a total confiscation of his valuable possessions, worth 'thousands' and rendered homeless into the middle of public 'through fare' empty handed and just the clothes on his back."

Plaintiff's Complaint, p. 3.

## II. DISCUSSION

Section 1983 provides;

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdic-

when mistakes occur. To the best of our ability, any quotations from the pleadings are verbatim.

tion thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The purpose of Section 1983 is to provide a civil action to protect persons against the misuse of power possessed by virtue of state law and made possible because the defendant was clothed with the authority of the state. *Jobson v. Henne*, 355 F.2d 129, 133 (2nd Cir.1966). This section does not create a federal cause of action but is a remedy for the vindication of other federal statutory or constitutional rights. *Carbonell v. Louisiana Dept. of Health & Human Resources*, 772 F.2d 185, 188 (5th Cir.1985).

To state a cause of action under Section 1983, a plaintiff must plead several elements as to *each defendant*. First, the plaintiff must allege that he has been deprived of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *Bradt v. Smith*, 634 F.2d 796, 799 (5th Cir.1981), *cert. denied*, 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981); *Bird v. Summit County, Ohio*, 730 F.2d 442, 444 (6th Cir.1984). It is not required that the complaint set out the particular portion of the Constitution or law securing the right of which he claims to have been deprived, it is only necessary that the "court ascertain from the confines of the Constitution that such a right exists." *Williams v. Stone*, 339 F.Supp. 1298, 1299 (E.D.Tenn.1971).

Second, the plaintiff must allege that the defendant subjected the plaintiff to this deprivation, or caused him to be so subjected. *United States ex rel Smith v. Robinson*, 495 F.Supp. 696, 698 (E.D.Pa. 1980). The plaintiff must state specifically how each defendant was personally involved in the deprivation. *Ressler v. Scheipe*, 505 F.Supp. 155, 156 (E.D.Pa. 1981). The plaintiff must therefore allege some causal link between the official conduct and the alleged deprivation. *Prochas-*

*ka v. Fediaczko*, 473 F.Supp. 704, 708 (W.D.Pa.1979).

Lastly, the plaintiff must allege that the defendant acted under color of a statute, ordinance, regulation, custom, or usage of a State. *Kletschka v. Driver*, 411 F.2d 436, 447 (2nd Cir.1969). This allegation requirement is met when the plaintiff alleges the misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law. *Di Maggio v. O'Brien*, 497 F.Supp. 870, 874 (E.D.Pa. 1980). It is not necessary to allege that the action taken was authorized by the state as long as facts are stated which show that the defendant was clothed with the authority of the state and was purporting to act thereunder. *Sykes v. California*, 497 F.2d 197, 200 n. 2 (9th Cir.1974).

While these are demanding pleading requirements, the pleadings of pro se civil rights complaintants are to be construed liberally. *Henderson v. Fisher*, 631 F.2d 1115, 1117 (3rd Cir.1980); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978). They are to be held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). The Supreme Court has stated that in order for a civil rights action to be dismissed due to failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520, 92 S.Ct. at 595.

The Third Circuit Court of Appeals finds this rule to be applicable, however, only when specific allegations of unconstitutional conduct are made. *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3rd Cir.1976). That court still adheres to the rule that civil rights complaints must be pleaded with specificity so that frivolous and insubstantial cases may be immediately dismissed. *Id.* Thus, allegations that are overbroad and unsupported by specific factual averments are insufficient to state a claim upon which relief may be granted. *Crowder v. Jackson*, 527 F.Supp. 1004,

1006 (W.D.Pa.1981); *Di Maggio*, 497 F.Supp. at 875.

We will now turn to the motions to dismiss filed by Middle Department, ACDH, and McKeesport. Each motion alleges, inter alia, that the plaintiff's allegations are inadequate to state a claim for relief under Section 1983 and therefore that plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

The only reference that plaintiff makes to Middle Department, other than in the caption of plaintiff's "Amended Petition", is the following sentence in that document: "Mr. (person referred to as 'Inspector') a person employed by [Middle Department] who came to 'Andy's' (herein) dwelling, house, helped 'burst in' the front door of 'Andy's' 1802 Packer St. house, entered and trespassed thru-in there to inspect electrical wiring, didn't have, and was not 'Andy's' permission to do so." Plaintiff's Amended Petition, p. 2.

■■■ Construing this allegation liberally, we find that it fails to state a cause of action under Section 1983 against Middle Department. First, there are no specific factual averments that explain how Middle Department was personally involved in the alleged deprivation of plaintiff's rights when the defendants allegedly "confiscated his life's possessions." Second, this reference to Middle Department lacks an allegation supported by fact that any conduct of Middle Department, or its employees, was undertaken in an official capacity or under color of state law. Middle Department is a private entity which may not be sued under Section 1983 unless it was so significantly and substantially interwoven with state and local governments that a symbiotic relationship existed between the two and the acts of the entity can be reasonably said to be the acts of the political state. *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961). Absent any factual averments that such a relationship existed here, the "color of law" pleading requirement has not been met. *See Drusky v. Judges of Supreme Court*, 324 F.Supp. 332, 333 (W.D.Pa.1971) (failure to allege that de-

fendant's acted under color of state law was failure to state cause of action under Section 1983).

■■■ Since plaintiff is proceeding *pro se* we will grant him leave to amend his deficient complaint to satisfy Section 1983 pleading requirements, *Rotolo*, 532 F.2d at 923; we therefore deny Middle Department's Motion to Dismiss with the understanding that we will entertain such a motion again if the plaintiff's forthcoming amended complaint also fails to satisfy procedural muster.

We caution plaintiff that his amended complaint must set forth specific factual allegations supporting every element of a Section 1983 claim. The complaint must be drafted in accordance with the Federal Rules of Civil Procedure which provide that pleadings must be well grounded in *fact* and warranted by existing *law*. Fed.R.Civ. Pro. 11.

We now turn to the motions to dismiss filed by ACHD and McKeesport. Both motions allege, inter alia, that the plaintiff fails to state a proper claim for relief under Section 1983. We agree.

ACDH is only mentioned in the caption of plaintiff's amended petition. We note that although plaintiff describes his claim against ACHD in more detail in his "Response to Defendant(s) Motion—Dismiss," even this elaboration does not meet the requisite pleading requirements. Plaintiff states that his claim against ACDH is "procrastination" in that "[i]t lets [McKeesport] act in Public Health Actions against the [McKeesport] Citizens—It let [McKeesport] trespass in its ACH Dept. Jurisdiction."

The City of McKeesport and its various officers are mentioned only generally under the heading "Persons Involved."

■■■ As with plaintiff's claims against Middle Department, his claims against ACDH and McKeesport entirely fail to set forth factual averments explaining how these parties were personally involved in the alleged deprivation of his rights. Furthermore, the plaintiff does not allege, with specific factual support, that the conduct of these defendants was undertaken in an of-

 

ficial capacity or under color of state law. Liability for local governments and their agencies under Section 1983 arises only where an official policy resulted in a constitutional tort. *Monell v. Dept. of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). The plaintiff's allegations against ACDH and McKeesport are, at best, overbroad and conclusory.

We will, therefore, grant leave to the plaintiff to amend his pleadings to set forth a proper claim under Section 1983 against ACDH and McKeesport. We will deny ACDH's and McKeesport's motions to dismiss for failure to state a claim with the understanding that such motions may be filed again should plaintiff's forthcoming amended pleading fail to satisfy Section 1983 pleading requirements. Since plaintiff has yet to establish this Court's jurisdiction over this case and the defendants, we will reserve ruling on ACDH's arguments that plaintiff's claim should be dismissed due to insufficiency of service of process or barred due to the running of the statute of limitations. Likewise, we will reserve ruling on McKeesport's motion for dismissal on the grounds of res judicata and collateral estoppel.

 Lastly, we turn to the Motion to Dismiss filed by Charles Indyk. Although not specifically pleaded as such, we will consider this motion to be a motion to dismiss for failure to state a claim under Section 1983. The plaintiff's complaint does not even mention Charles Indyk let alone state a claim for relief under Section 1983. However, we will deny Mr. Indyk's motion with the understanding that we will entertain such a motion again if the plaintiff does not adhere to the pleading requirements as outlined in this Order.

We caution plaintiff that his amended complaint must set forth specific factual allegations supporting every element of a Section 1983 claim. The complaint must be drafted in accordance with the Federal Rules of Civil Procedure which provide that pleadings must be well grounded in *fact* and warranted by existing *law.* Fed.R.Civ. Pro. 11.

We have reviewed plaintiff's pleadings in the most liberal fashion reasonably possible and find that they are entirely insufficient to establish a cause of action under Section 1983 against Middle Department, Charles Indyk, ACDH and McKeesport. We again warn plaintiff that any amended complaint that he files must set forth specific factual allegations supporting *each element* of a Section 1983 claim. His failure to do so will result in a dismissal of this lawsuit.

AND NOW, to wit, this 3rd day of March, 1988, for the reasons set forth above, it is ORDERED, ADJUDGED and DECREED that Middle Department's Motion to Dismiss be and hereby is DENIED, that ACDH's Motion to Dismiss be and hereby is DENIED, in part, and that McKeesport's Motion to Dismiss be and hereby is DENIED, in part. It is further ORDERED that plaintiff Andrew Del Signore be and hereby is granted 30 days leave to amend his Complaint and Amended Petitions to conform with the pleading requirements for a Section 1983 action.