**William F. MANCHESTER, individually and on behalf of others similarly situated, Plaintiff,**

**v.**

**Janet C. RZEWNICKI, in her individual capacity and in her official capacity as Treasurer of the State of Delaware, Charles M. Oberly III, Esq., in his individual capacity and in his official capacity as Attorney General of the State of Delaware, Richmond L. Williams, Esq., Lawrence W. Lewis, Esq., James J. Hanley, Esq., Diane Jean Bartels, Esq., in their individual capacities and in their official capacities as Deputy**

---

320

Attorneys General of the State of Delaware, Ralph K. Durstein III, Esq., Timothy H. Barron, Esq., Richard D. Flynn, Richard D. Fairbanks, Jr., and Betty J. Gleason, in their individual capacities only, and John/Jane Doe(s) of the Department of Finance and the Division of Accounting of the State of Delaware in their individual and official capacities, Defendants.

Civ. A. No. 91–93–JLL.

United States District Court,
D. Delaware.

Oct. 30, 1991.

William F. Manchester, pro se.

James J. Maxwell, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

The plaintiff, a prisoner at the Delaware Correctional Center, has filed suit *pro se* against various Delaware State officials. The defendants have moved for dismissal of this action under Federal Rule of Civil Procedure 12(b)(6). In spite of the reams of documentation submitted and the liberal reading of this complaint in the plaintiff's favor, this Court has determined that the motion to dismiss must be granted. For the reasons set forth below, the plaintiff fails to state a claim upon which relief can be granted. Accordingly, the complaint must be dismissed.

### I. *Relevant Factual Background*

The complaint appears to assert four claims for relief: (1) recovery of compensatory and punitive damages under 42 U.S.C. § 1983 for deprivations of his Constitutional rights [1]; (2) recovery for compensatory and punitive damages for violations of 18 U.S.C. § 1964 (1984 & Supp.1991) ("RICO"); (3) recovery for compensatory and punitive damages resulting from civil conspiracy/aiding and abetting a civil conspiracy under Delaware tort law [2]; and (4) either a writ, a permanent injunction, or any other equitable relief required to cease the allegedly illegal conduct at issue. (Docket Item ["D.I."] 2.)

---

**1.** 42 U.S.C. § 1983 (1981). The plaintiff correctly states that the federal district court has jurisdiction under 28 U.S.C. § 1343(3) and 28 U.S.C. § 1331(a). *Examining Bd. of Engineers, Architects & Surveyors v. Flores De Otero,* 426 U.S. 572, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976) (§ 1343 complements § 1983); *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972) (no conflict between § 1343(3) and § 1331).

**2.** The civil conspiracy counts, clearly separate and distinct from the plaintiff's RICO claims (D.I. 2 ¶¶ 68–76), are not supported by specific statutory or common law authority. Not only does the plaintiff fail to invoke a federal conspiracy statute, i.e. § 1985, but he omitted reference to § 1985 when quoting other statutes. This Court presumes that the civil conspiracy cause of action is to be under Delaware law.

Plaintiff alleges that the defendants conspired to provide free legal counsel to certain individuals, at public expense without compliance with and authorization of the law, and that this conspiracy harmed him personally as well as the public at large. The acts allegedly violated both his right to equal protection and to due process under the law as guaranteed in the fourteenth amendment, violated both his right to procedural due process and to substantive due process under the fifth amendment, undermined his expectation of and his right to a republican form of State government under article IV, § 4 of the United States Constitution, perpetuated his indigence and/or incarceration, and that the free legal representation unlawfully drained funds from the public treasury. (D.I. 2 *et seq.*)

To understand the present "conspiracy," it is necessary to review the plaintiff's previous allegations of an underlying conspiracy.[3] The plaintiff believes that his state conviction for attempted murder is directly related to a conspiracy between state and federal law enforcement agencies investigating the Pagan Motorcycle Club. Allegedly, the individual whom he attempted to kill was an informant to an ongoing federal investigation. The plaintiff contends that his victim denied his role as an informant on the witness stand and that the Federal Government refused to produce information concerning the investigation. Therefore, the plaintiff contends that he lacked sufficient information to ensure thorough cross examination of the key witness against him, depriving him of his sixth amendment Constitutional rights. (D.I. 14, 29 Ex. A.) Once in prison, the "conspirators" allegedly harassed the plaintiff because of his accusations against them. (D.I. 38.)

In accordance with his strong belief in a conspiracy against him, the plaintiff filed a series of civil rights lawsuits ("Previous Actions") against various state officials and the plaintiff's court appointed counsel.

(D.I. 2 ¶¶ 12, 15, 20; 14.) The Delaware Department of Justice defended the defendants named in the Previous Actions, both "officially" and "unofficially," through the appointment of deputy attorneys general ("DAGs"). (D.I. 2 ¶¶ 5–8, 13, 13A, 14, 16–18, 21, 23.) The Delaware Department of Justice refused to appoint counsel for the plaintiff in the prosecution of his civil rights claims.

Now the plaintiff contends: (1) that the DAGs were illegally appointed and that the DAGs knowingly and intentionally provided an illegal defense, (2) that the defendants unlawfully schemed and conspired to unlawfully represent the defendants in the Previous Actions, (3) that various high-ranking officials knew and declined to respond to the illegal appointments and representations, (4) that the same conspirators conspired to commit the same unlawful scheme in a variety of unrelated cases, and (5) that the conspirators used interstate mail and electronic wire services in furtherance of their alleged scheme. (D.I. 2 *et seq.*) Although it is not clear from the complaint, it is presumed that he lost all three Previous Actions.

## II. *The Standard of Review*

The standard for deciding a Rule 12(b)(6) motion is whether, taking all factual allegations in the complaint as true, the complaint states a claim which would entitle the plaintiff to relief. Rule 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 125 F.R.D. 405 (D.Del.1987) (citing *D.P. Enterprises v. Bucks County Community College*, 725 F.2d 943 (3d Cir.1984)). The facts alleged in the complaint, and all reasonable factual inferences drawn from those facts, are construed in the plaintiff's favor. *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 125 F.R.D. at 412. The issue is not whether the plaintiff will ultimately

---

**3.** (D.I. 14.) The factual basis for these claims is scattered throughout the voluminous record. Given the plaintiff's *pro se* status and the liberal pleading rules, this Court attempts to piece together a factual basis for the plaintiff's assertions from his previous filings in prosecuting the current claim. This Court does not express an opinion as to the merits of the underlying conspiracy.

prevail but whether he is entitled to present evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■■■ Additionally, *pro se* complaints are read with less stringent scrutiny than formal complaints drafted by lawyers, *Rowe v. Cuyler,* 534 F.Supp. 297 (E.D.Pa.), *aff'd,* 696 F.2d 985 (3d Cir.1982), and dismissal is a harsh remedy, to be used cautiously so as to promote the liberal rules of pleading and to protect the interests of justice. 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1990); *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381 (5th Cir.1985), *cert. dismissed,* 486 U.S. 1027, 108 S.Ct. 2007, 100 L.Ed.2d 237 (1988). Motions to dismiss under Rule 12(b)(6) are particularly disfavored in civil rights litigation "where the law is in a continuing state of flux and where the facts in issue are often quite complex." *Mahoney v. NOW,* 681 F.Supp. 129, 135 (D.Conn.1987) (quoting *Granville v. Hunt,* 411 F.2d 9, 11 (5th Cir.1969)). Conclusory allegations, however, will not preclude dismissal. Overbroad, unsupported allegations amounting to "barebones inferences ... totally without fleshing" do not constitute a cause of action. *Id.* at 136; *Signore v. City of McKeesport,* 680 F.Supp. 200, 203 (W.D.Pa.1988), *aff'd,* 877 F.2d 54 (3d Cir.1989). The plaintiff must allege specific conduct violating the plaintiff's rights, the time and place of the conduct, and the identity of the responsible officials. *Colburn v. Upper Darby Township,* 838 F.2d 663 (3d Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989).

### III. *Lack Of Standing To Assert Third Party Claims*

■■■ The plaintiff lacks standing to assert third party claims in this Court on behalf of the public at large. The United States Supreme Court limits judicial power to litigants who can prove either: (1) an actual injury sustained, or (2) imminent danger of sustaining direct injury as a result of illegal conduct. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 477, 102 S.Ct. 752, 761, 70 L.Ed.2d 700 (1962); *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Psychological consequence produced by the observation of disagreeable conduct is not sufficient to confer standing, even if the disagreement is couched in Constitutional terms. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. at 485–86, 102 S.Ct. at 765–66. "[S]tanding is not measured by the intensity of the litigant's interest or the fervor of his advocacy." *Id.* at 486, 102 S.Ct. at 766. Plaintiffs must assert their own legal interests rather than rest their claim on the legal interests of third parties. *Id.* at 474, 102 S.Ct. at 759–60. This general rule is relaxed only in a few narrow circumstances. *United States v. Raines,* 362 U.S. 17, 22, 80 S.Ct. 519, 523, 4 L.Ed.2d 524 (1960).

■■■ Impairment of a third party's Constitutional rights, when they are without an effective remedy, may justify third party standing but judicial power in Article III is not unconditioned authority to determine the constitutionality of legislative or executive acts or to air generalized grievances about the conduct of government. *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. at 471, 473, 475, 102 S.Ct. at 757–58, 759, 760. Here, the plaintiff does not allege that the traditional rule should be relaxed nor does he allege facts to justify relaxing the rule. The plaintiff merely seeks to air generalized grievances about the conduct and powers of the Delaware Attorney General on behalf of the public at large. Entertainment of this third party claim is impermissible. Even if the perceived impairment existed, the public is able to seek an effective remedy through the legislative process. *Gregg v. Georgia,* 428 U.S. 153, 175, 96 S.Ct. 2909, 2926, 49 L.Ed.2d 859 (1976); *Griswold v. Connecticut,* 381 U.S. 479, 482, 85 S.Ct. 1678, 1680–81, 14 L.Ed.2d 510 (1965); *Williamson v. Lee Optical of Oklahoma, Inc.,* 348 U.S. 483, 487, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955); *Darling Apartment Co.*

*v. Springer,* 25 Del.Ch. 420, 22 A.2d 397, 403 (1941).

■ The plaintiff also does not state a claim as a "citizen and a taxpayer of the State of Delaware and the United States for the past 37 years." (D.I. 1 ¶ 56.) "[A] federal taxpayer's 'interest in the moneys of the Treasury . . . is comparatively minute and indeterminable' and that 'the effect upon future taxation, of any payment out of the [Treasury's] funds, . . . [is] remote, fluctuating and uncertain." *Flast v. Cohen,* 392 U.S. at 92, 88 S.Ct. at 1948 (quoting *Frothingham v. Mellon,* 262 U.S. 447, 487, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923)). The Due Process Clause does not protect taxpayers against mere increases in tax liability. *Id.* at 105, 88 S.Ct. at 1955. The alleged unconstitutional expenditure of public funds, to which the plaintiff contributes as a taxpayer, is not an injury sufficient to confer standing. *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. at 477, 102 S.Ct. at 761.

■ To maintain an action as a federal taxpayer, it must be proven that: (1) the taxpayer is injured by virtue of his/her tax liability under the statute in question, and (2) that the challenge involves the exercise of congressional power under art. I, § 8 of the United States Constitution in excess of the Constitutional limitations. *Flast v. Cohen,* 392 U.S. at 102, 88 S.Ct. at 1953–54; *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. at 478–79, 102 S.Ct. at 762. Only when these two elements are established will the litigant have proven that he has a stake in the outcome of the controversy and that he is an appropriate party to invoke federal jurisdiction. *Flast v. Cohen,* 392 U.S. at 103, 88 S.Ct. at 1954. Here, the plaintiff challenges a state law granting broad powers to the Delaware Department of Justice and the Attorney General but his challenge does not involve a tax liability due to impermissible congressional action under the federal Spending Clause. Thus, the plaintiff failed to establish that he has an interest in the controversy and has standing to challenge the statute.

■ As a Delaware taxpayer, the plaintiff has a direct interest in the proper use and allocation of tax receipts. *City of Wilmington v. Lord,* 378 A.2d 635 (Del.Supr. 1977). While this interest may entitle him to challenge the improper use of public funds in state court, the plaintiff lacks jurisdiction to pursue this challenge in federal court. The authority and powers of the Delaware Attorney General does not constitute a federal question, there is no diversity of citizenship, and, as discussed *infra,* there is no federal claim upon which to exercise pendent jurisdiction. Therefore, the plaintiff lacks standing to assert third party claims on behalf of the public.

### IV. *Failure To Allege Facts To Recover As A Matter Of Law*

The complaint asserts three substantive claims, two claims under two federal statutes and one claim based upon Delaware tort law. The plaintiff alleges specific conduct taken at a definite time and place by specified parties. However, the alleged facts do not sufficiently support the contention that the conduct was unlawful, improper, or violative of the plaintiff's rights. Thus, the complaint does not provide a sufficient factual basis to support the necessary elements for relief, as set forth below, so the law mandates dismissal of all three claims.

### A. The Plaintiff Fails to Assert Facts to Support a § 1983 Action

■ Section 1983 permits private parties to bring civil actions for deprivation of their civil rights. Congress designed the statute to protect persons against the misuse of state power. *Signore v. City of McKeesport,* 680 F.Supp. at 203. The statute does not create new substantive rights but rather it provides redress for violations of the United States Constitution and certain federal statutes. *Id.;* 42 U.S.C. § 1983. The elements of a § 1983 action are: (1) a person (2) taking an action under the color of state law, (3) depriving another person of rights, privileges, or immunities. *Id.*

**326**

### 1. *Lack of Action By a Person*

 A State is not a "person" under § 1983 and a suit against state officials in their official capacities is a suit against their offices and, thus, is no different from a suit against the State itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 71, 109 S.Ct. 2304, 2307–08, 2311–12, 105 L.Ed.2d 45 (1989). The plaintiff's complaint alleges unlawful conduct by Delaware officials acting in their official capacity and, in effect, asserts a § 1983 action against the State of Delaware itself. Therefore, the claims involving *official actions* must be dismissed against Mrs. Janet Rzewnicki, Treasurer of the State of Delaware; Mr. Charles Oberly, III, Attorney General of the State of Delaware; Mr. Richmond Williams, and Mr. Lawrence Lewis, and Mr. James Hanley, and Ms. Diane Jean Bartels, DAGs for the State of Delaware; and John/Jane Doe(s) within the Division of Accounting and the Department of Finance of the State of Delaware.

### 2. *The Color of State Law Element Presumed*

 Power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken "under color of state law." *Scheuer v. Rhodes*, 416 U.S. at 243, 94 S.Ct. at 1689–90 (citing *United States v. Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)). In the present case, all parties appear to agree that the decision to provide representation in the Previous Actions was made under the color of state law. (D.I. 2, 38, 39.)

### 3. *The Complaint Alleges No Unlawful Action or Deprivation of Constitutional Rights*

 Section 1983 requires the use of state authority to be unlawful. *Martinez v. California*, 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1980) ("not every injury in which a state official has played some part is actionable under § 1983"). To state a § 1983 claim, the plaintiff must allege a causal link between the official conduct and the alleged deprivation. *Signore v. City of McKeesport*, 680 F.Supp. at 203. Moreover, good faith action, not violative of clearly established statutory or Constitutional rights of which a reasonable person would have known, taken in fulfillment of official responsibilities will not be punished. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Scheuer v. Rhodes*, 416 U.S. at 247–48, 94 S.Ct. at 1691–92. Mere error in judgment when acting under the color of state law will not give rise to liability. "The concept of [qualified] immunity assumes [that officials may err] and goes on to assume that it is better to risk some error and possible injury from such error than not to decide or act at all." *Scheuer v. Rhodes*, 416 U.S. at 241–42, 94 S.Ct. at 1689.

In the present case, the complaint merely disagrees with the discretionary exercise of power by the Delaware Department of Justice and the Delaware Treasurer's financial support of such a exercise. The plaintiff fails to allege facts sufficient to support the unlawfulness of the appointment of counsel or abuse of power. Moreover, the plaintiff has not alleged deprivation of any rights, privileges, or immunities which is causally linked to a misuse of state authority.

### a. Lawful Appointment of Counsel

 Under Delaware law, the Attorney General has broad powers, exercised as public interest requires, absent an express legislative restriction to the contrary. *Darling Apartment Co. v. Springer*, 22 A.2d at 403.[4] The Attorney General, as the State's legal representative, is "clothed not only with the power but also the duty to represent the State and its several departments in all litigation where the public interests are concerned...." *Id.*

"[I]t is for the legislature, and not the courts, to declare the public policy of the state." *Seth v. Delaware*, 592 A.2d 436 (Del.Supr.1991). The Delaware legislature

---

**4.** Plaintiff has a distorted interpretation of this case. *Darling* does not give the judiciary the express duty and authority to approve or disapprove of legal representation in every single case. (D.I. 39 at 32.)

has determined that public interest requires that State officials be protected from liability. DEL.CODE ANN. tit. 10 § 4001 *et seq.*, and tit. 29 § 2504(3); *Smith v. New Castle County Vocational–Technical School Dist.*, 574 F.Supp. 813, 819 (D.Del.1983) (Tort Claims Act applies to individual defendants). With respect to suits against officials in their official capacity, the legislature promises to provide State representation. The State Department of Justice and the Attorney General *shall* have the power, *duty* and authority to

> "represent as counsel in *all* proceedings or actions which may be brought on behalf of or against them in their official capacity in any court, except in actions in which the State has a conflicting interest, all officers, agencies, departments, boards, commissions and instrumentalities of state government ..."

DEL.CODE ANN. tit. 29 § 2504(3) (emphasis added), and tit. 29 § 2507 (officials are prohibited from securing their own counsel); *Darling Apartment Co. v. Springer*, 22 A.2d at 404 (prerogative of Attorney General to provide representation). In the event that a conflict of interest exists, the official has the right to petition for representation under DEL.CODE ANN. tit. 10 § 3925 (Supp.1990). This statutory entitlement is clearly not negated simply by suing the officials in their individual capacities as well. Furthermore, otherwise private individuals may be represented by the State if appointed to assist the Attorney General in the performance of his duties. DEL.CODE ANN. tit. 29 § 2505, and tit. 10 § 4001; *Seth v. Delaware*, 592 A.2d 436 (Del.Supr. 1991). State representation for actions taken while acting on behalf of the state is not only fair, but it may be necessary to encourage professionals to accept such appointments.

Obviously, the public interest does not depend upon whether the plaintiff technically sues the State official in his/her official capacity. In the absence of a legislative restriction, suing an official in his/her individual capacity alone will not preclude representation provided the action is taken under the color of state law. Neither the statutory framework nor the common law imposes such a technicality and other legislative enactments, granting qualified immunity and an entitlement to indemnification, indicate that no such technicality was intended. Not only is representation based upon the same underlying public policy as qualified immunity [5], but State representation concentrates such claims, ensures a knowledgeable and experienced representation, and conserves public funds.

The plaintiff contends that § 3925 and Rule 68 control each and every civil case where a state employee is sued in his/her individual capacity. (D.I. 2 ¶¶ 24–45.) These provisions require a petition to the court for court-appointed representation. The record does not reflect such a petition and the plaintiff concludes that representation must have been illegal. Although the Court can find no discussion concerning the relationship between § 2504(3) and § 3925, this Court believes that the plaintiff's contention is erroneous and that it arises from a misunderstanding of the powers of the Attorney General. As support for this conclusion, the plaintiff cites *Smith v. Town of Dewey Beach*, 659 F.Supp. 752 (D.Del. 1987). In *Smith*, the complaint sued the Director of Parks and Recreation for the State of Delaware both in his official and individual capacity. The Director requested court appointed counsel under § 3925 and the Court granted this request, appointing a DAG to represent the Director.

The Court in *Smith* did not pronounce that § 3925/Rule 68 is the exclusive method of securing representation or that it was intended to limit the Attorney General's powers, duties, and discretion in the area of representation of state officials. The language in Rule 68 reads "may petition"

---

5. *See* DEL.CODE ANN. tit. 10 §§ 4001–4002; *Smith v. New Castle County Vocational–Technical School Dist.*, 574 F.Supp. at 820–21 (seeks to discourage lawsuits which chill the exercise of decision-making authority). Given that claims run against the innocent as well as the guilty, the fear of suit will "dampen the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties." *Harlow v. Fitzgerald*, 457 U.S. at 814, 102 S.Ct. at 2736 (quoting *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir.1949), *cert. denied*, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950). Qualified immunity permits quick termination of insubstantial suits and State representation eases the fear of suit.

rather than "shall petition" and repeatedly refers to "private counsel." It appears that § 3925 controls a situation where outside counsel is desired, in a conflict of interest situation or where a discretionary decision is made not to provide representation, rather than securing representation in the first instance. Given the facts of *Smith*, it is likely that the Director sought private court appointed counsel but § 3925 directed the Court to first look to the Department of Justice for representation. Because the Court found DAG representation to be appropriate, outside counsel was not appointed.[6]

 In the present case, the plaintiff sued seven of the defendants individually and officially. The official activities entitled the officials to representation in the Previous Actions, in spite of being named in their individual capacities, either by a DAG or a court appointed private attorney.[7] DEL.CODE ANN. tit. 10 § 3925; Rule 68. Therefore, appointment of representation was lawful as to Mrs. Rzewnicki, Mr. Oberly, Mr. Williams, and Mr. Lewis, and Mr. Hanley, and Ms. Bartels, and John/Jane Doe(s).

 Likewise, five additional defendants, named only as private persons, were properly and lawfully represented by the state because the alleged unlawful acts apparently arose from their state appointment/employment. Mr. Ralph Durstein, plaintiff's court appointed counsel in the underlying criminal trial, was sued in the Previous Actions due to alleged unlawful acts within the scope of his court appointment. Mr. Richard Flynn, a Delaware police officer, was sued in the Previous Actions for alleged unlawful acts within the scope of his investigation of the underlying criminal action. Mr. Timothy Barron[8], a DAG, was sued in the Previous Actions for alleged unlawful actions within the scope of prosecuting the plaintiff in the underlying criminal action. Mr. Richard D. Fairbanks, Jr., also a DAG, was sued both in his individual and official capacities in a Previous Action presumably due to alleged unlawful acts within the scope of his official duties. Ms. Betty Gleason, a court reporter for the Delaware Superior Court, was sued within the scope of her official duties of transcribing the underlying criminal trial and sending the transcript up for appeal. Therefore, appointment of representation was lawful as to Mr. Durstein, Mr. Flynn, Mr. Barron, Mr. Fairbanks, and Ms. Gleason.

Therefore, even taking all allegations as true, the plaintiff cannot state a § 1983 claim for which relief can be granted. An action against the State of Delaware through its officials acting in their official capacity is barred; the public interest mandated the defense of all defendants because the suits arose in connection with actions taken on behalf of the state; State representation was well within the powers, duties and authority of the Attorney General in furtherance of the public interest even though the complaint technically does not sue all defendants in their official capacity.

---

6. Section 3925 and § 2504(3) appear to favor DAG representation. Both procedures appear to be consistent with the underlying public policy of protecting State of Delaware officials in the most cost effective method possible.

7. The plaintiff offers no authority that the mere existence of DAG defendants constitutes a conflict of interest, that suit against high-ranking government officials automatically creates a conflict of interest, or facts to suggest that such a conflict of interest existed. It appears that the plaintiff simply disagrees with the Attorney General's discretionary judgment but the statutory framework does not protect third parties who are dissatisfied by how such discretion is exercised. This Court lacks both the authority and the desire to second guess the Attorney General's exercise of professional judgment, especially when the Chief Judge of this Court refused to strike representation after reviewing the appointment. (D.I. 29 Ex. B.)

8. Mr. Barron may also enjoy absolute immunity under *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 994–95, 47 L.Ed.2d 128 (1976). The parties did not brief this issue so it is not discussed in this opinion.

Accordingly, the counts pertaining to these defendants must be dismissed.

### b. No Deprivation of Constitutional Rights

■ The complaint also fails to explain any deprivation of any Constitutional rights. He does not claim that he was denied access to the courts or that the Previous Actions were procedurally flawed. The plaintiff only alleges that the defendants had an unfair advantage because they were represented by counsel but he cites no cases to support the theory that lawful representation which creates an "unfair advantage" constitutes a Constitutional deprivation. He does not allege any facts that "shock the conscience" of this Court, involving either a high degree of harm or culpability, or deprivation of a well-defined right to property or liberty.

The plaintiff fails to claim that the Attorney General's powers unfairly distinguished between classes of people, that indigence or incarceration are protected classes which would force strict scrutiny of such powers, or that state representation of people acting on behalf of the state but not people unrelated to the state is irrational or unfair. He does not allege that other indigent prisoners are entitled to counsel in civil actions and that he was subjected to different treatment. Lastly, he does not contend that our republican form of state government has been destroyed. In other words, the facts outlined in the complaint and all reasonable inferences therefrom do not state a Constitutional deprivation for which the plaintiff is entitled to relief under § 1983.[9]

### B. The Plaintiff Fails to Allege Facts to Support a RICO Action

■ A RICO action requires injury to one's business or property. 18 U.S.C. § 1964(c); *Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163 (3d Cir.1987). The plaintiff appears to believe that he had a property right in compensatory damages from the Previous Actions but fails to cite to common law or statutory law to support his curious logic. He reasons that if defendants were not represented by counsel, they would not have litigated the claim and a default judgment would be rendered against them. Therefore, the representation deprived him of three default judgments from the Previous Actions, to which he was entitled, and this constituted a property right.

This Court agrees with defense counsel that this argument must be rejected. (D.I. 29 ¶ 13.) If DAG representation had not been granted, the defendants were entitled to petition for a court appointed private attorney under § 3925. Even if appointment of counsel had been denied, the plaintiff fails to explain why the defendants would not have litigated the claims *pro se* or why he was entitled to a default judgment as a matter of law. Any defense, no matter how weak, would force the Court to decide the case on its merits and, if the plaintiff had been successful, he would have secured a judgment rather than a default judgment. Obviously, the plaintiff is not "entitled" to a default judgment so there is no injury to "property" alleged in the complaint and this deficiency precludes relief under the RICO statute. Therefore, the plaintiff fails to state a claim for which relief can be granted.[10]

### C. The Plaintiff Fails to Allege Facts to Support a Civil Conspiracy

■ This Court lacks jurisdiction to hear any actions under Delaware tort law. There is no federal question at issue, no

---

**9.** Also, this Court agrees with defense counsel that the § 1983 suit appears to be barred by the statute of limitations.

**10.** Although the lack of injury sufficiently precludes the plaintiff's RICO action, this Court also notes that the plaintiff's conclusory statements of an unlawful pattern of racketeering activity is insufficiently supported by the facts. Under the state and federal statutes cited (D.I. 2

¶ 53), the complaint discusses no facts from which criminal charges could be brought, evidence of ongoing investigations into possible charges, or convictions under these statutes. Also, mere representation does not constitute "racketeering activity" under RICO, 18 U.S.C. § 1961(1), and it appears that any RICO action, no matter how legitimate, would be barred in this case by the four-year statute of limitations.

diversity of citizenship, and, as discussed *supra,* no federal cause of action to adjudicate the state-created claim by an exercise of pendant jurisdiction. Even if this Court had jurisdiction, the claim would still have to be dismissed because the necessary elements of civil conspiracy have not been met. Under Delaware law, a civil conspiracy requires: (1) a confederation or combination of two or more persons, (2) unlawful acts in furtherance of the conspiracy, and (3) actual damage. *Nicolet, Inc. v. Nutt,* 525 A.2d 146, 149–50 (Del.1987); *Weinberger v. Rio Grande Industries, Inc.,* 519 A.2d 116 (Del.Ch.1986) (in a civil context, "aiding and abetting" is synonymous with "civil conspiracy"). As discussed *supra,* the complaint fails to allege unlawful/wrongful conduct, property damage, deprivation of Constitutional rights, or any other type of damage.

## V. *Equitable Relief Is Inappropriate Under The Present Facts*

The plaintiff is requesting three forms of equitable relief. However, this Court finds no basis for relief either under the substantive law or as a matter of equity. The plaintiff clearly has failed to state a claim that entitles him to relief under § 1983, RICO, or Delaware tort law. This Court previously ruled that there is no irreparable harm to the plaintiff in this case and now reaffirms this previous ruling. (D.I. 18, 33.) With respect to injunctive relief on behalf of the general public, *Centifanti v. Nix,* 865 F.2d 1422, 1429–30 (3d Cir.1989), this Court further rules that there is no irreparable harm to the public and, again, refuses to grant injunctive relief.

## VI. *Conclusion*

The plaintiff's complaint must be dismissed in its entirety for failure to state a claim which would entitle him to relief. The plaintiff lacks standing to assert federal third party claims, he fails to present facts to indicate that the State representation was unlawful and improper, he fails to allege facts to show an abuse of governmental power or resources, and he offers no factual support for an injury or deprivation of his rights. Thus, even taking all allegations in the complaint as true and liberally construing the facts and reasonable inferences in the plaintiff's favor, he cannot prove facts to support claims under § 1983, RICO, civil conspiracy claims, or any other legal theory for which relief can be granted. Moreover, in this Court's discretion, equitable relief is not appropriate under the facts and circumstances of this case.

Therefore, the defendant's motion to dismiss will be granted and the plaintiff's motion for summary judgment will be denied.