**Jamar CROWDER, Plaintiff,**

v.

**Channing JACKSON and The Borough of Wilkinsburg, a municipal corporation, and Giant Eagle Markets, Inc., a corporation, Defendants.**

**Civ. A. No. 81–943.**

United States District Court,
W. D. Pennsylvania.

Dec. 10, 1981.

Robert X. Medonis, Pittsburgh, Pa., for plaintiff.

Richard S. Dorfzaun, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Borough of Wilkinsburg.

John S. Sherry, Pittsburgh, Pa., for Giant Eagle Markets.

## OPINION

COHILL, District Judge.

Plaintiff, Jamar Crowder, filed this section 1983 civil rights action against defendants Channing Jackson, the Borough of Wilkinsburg, and Giant Eagle Markets, Inc. The genesis of the lawsuit is an altercation

that allegedly occurred between Mr. Crowder and Mr. Jackson on March 3, 1981 at a Giant Eagle Market in the East Hills Shopping Center, which is located in the Borough of Wilkinsburg, Allegheny County, Pennsylvania. Plaintiff's amended complaint sets forth the following factual scenario. At approximately 5:45 p. m. on March 3, 1981, plaintiff drove to the aforementioned Giant Eagle Market ("Giant Eagle") to shop for food and other groceries. While inside the market, defendant Channing Jackson, a Wilkinsburg Borough police officer, "moonlighting" as a security officer in the employ of Giant Eagle Markets, Inc., accosted plaintiff. Without cause, Mr. Jackson struck plaintiff and dragged him outside of the store where he proceeded to beat plaintiff, repeatedly striking him in the back and on the head with a blackjack. Mr. Jackson then handcuffed plaintiff's wrists and forcibly thrust plaintiff into a police vehicle, all the while ignoring his requests for medical attention. As a result of this alleged beating, plaintiff sustained a comminuted fracture through the left zygomatic arch (a bone in the jaw) which necessitated hospitalization and subsequent surgery. Plaintiff asserts that at the time of the incident in question, Mr. Jackson was dressed in the uniform of a Borough of Wilkinsburg policeman.

Plaintiff's amended complaint contains three counts. Although the prayers for relief seek damages against the defendants jointly or severally, each of the complaint's three counts is specifically directed toward one particular defendant. Count I asserts that Channing Jackson violated plaintiff's constitutional rights by beating him, and by detaining him without an arrest warrant and without informing him that he was under arrest. Count II asserts a claim against the municipal defendant that will be discussed below. Count III asserts a claim against the Giant Eagle Markets, Inc. for failure to provide proper training and supervision of its security guards. Jurisdiction is founded on 28 U.S.C. § 1343.

The Borough of Wilkinsburg filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Both parties submitted briefs and the court heard oral argument on defendant's motion.

*Analysis*

In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court reversed its seventeen year old precedent and held that municipalities can be sued directly under section 1983 for monetary, declaratory, or injunctive relief. The Court limited the statutory cause of action, however, by holding that a municipality could not be liable on a *respondeat superior* theory. Rather, *Monell* requires that for a municipality to be held liable for constitutional torts, the allegedly unconstitutional acts must implement a policy, ordinance or custom of the local government. *Id.* at 694, 98 S.Ct. at 2037 ("it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983"). Thus, the sole question to be resolved is whether the plaintiff has alleged "a [government] policy or custom," and further, that the execution of that policy "inflict[ed] the injury" complained of. *Id.*

█ Plaintiff contends that Paragraphs 22 and 23 of his complaint fulfill this requirement. Those paragraphs provide as follows:

22. The municipal defendant herein adopted the policy and/or plan of authorizing the use of uniformed policeman [sic], by private interests which constituted an improper delegation of governmental power and authority.

23. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the municipal defendant's failure to provide for the proper training and supervision of their employees and agents, the individual defendant and/or in conjunction with the failure of the other corporate defendant to properly train and supervise the individual defendant and/or in conjunction with the uncontrolled use

of its police power by a private commercial interest not related to any governmental function.

These allegations are not sufficient to state a cause of action for municipal liability under section 1983. The element of causation is absent from plaintiff's complaint. In *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976), the Supreme Court held that municipalities and supervisory personnel are not liable for civil rights violations perpetrated by individual police officers absent "an affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy by [the defendants]—express or otherwise—showing their authorization or approval of such misconduct." Even assuming for purposes of defendant's motion to dismiss that the Borough does have a policy of allowing its policemen to "moonlight" in uniform as security officers, plaintiff's complaint fails to describe any link between that official Borough policy and the alleged misconduct of Mr. Jackson, nor does it allege the Borough's acquiescence in or condonation of such misconduct.

 The Third Circuit has enunciated a rule requiring factual specificity in civil rights complaints in order to weed out frivolous and insubstantial cases. *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir. 1976); *Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967). Allegations that are overbroad and unsupported by specific factual averments are insufficient to state a claim upon which relief can be granted. *Salvati v. Dale*, 364 F.Supp. 691, 700 (E.D.Pa.1973). Plaintiff's naked allegations regarding the Borough's failure to train its employees, and permitting its police officers to "moonlight" are insufficient, since there is no foundation for the required showing that the Borough authorized, approved, or was indifferent to Mr. Jackson's action. The plaintiff's theory of municipal liability under section 1983, therefore, must fail.

 In addition to his section 1983 claim, plaintiff also has raised a constitutional claim against the Borough of Wilkinsburg under the Fourteenth Amendment. Several district courts within the Third Circuit have held that where plaintiff has alleged a cause of action under section 1983 that is premised on constitutional claims, allowing a direct action under the Fourteenth Amendment as well would merely duplicate the cause of action available under section 1983. *Shirey v. Bensalem Township*, 501 F.Supp. 1138, 1144 (E.D.Pa.1980) ("allowing plaintiffs to maintain a direct cause of action under [the Fourteenth Amendment] would be an exercise in redundancy"); *Kedra v. City of Philadelphia*, 454 F.Supp. 652 (E.D.Pa.1978). In *Jones v. City of Philadelphia*, 481 F.Supp. 1053, 1056 (E.D.Pa.1979), the court noted that:

It would serve no useful purpose to authorize two indistinguishable causes of action, one statutory and one constitutional. And it would undercut the legislative function to find in the Fourteenth Amendment a cause of action broader in scope than, and to that extent incompatible with, the cause of action fashioned by Congress to redress violations of the Constitution, provided that the legislatively prescribed cause of action is reasonably commensurate with the constitutional wrong it is designed to remedy.

We agree with the reasoning of the *Jones* court and believe that section 1983 provides an effective statutory remedy for plaintiff's claims. Accordingly, the claim that plaintiff brought directly under the Fourteenth Amendment will be dismissed.