Sampath **KRISHNAN**, Plaintiff,

v.

Norman Y. **MINETA**, Secretary, **Department of Transportation,** Defendant.

**No. Civ.A. 00–1009(RMU).**

United States District Court, District of Columbia.

April 30, 2001.

Marcia G. Jones, Washington, DC, for Plaintiff.

Claire Whitaker, Asst. U.S. Atty., Washington, DC, for Defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

### DENYING THE DEFENDANT'S MOTION TO DISMISS; *SUA SPONTE* GRANTING THE PLAINTIFF LEAVE TO AMEND HIS COMPLAINT

### I. INTRODUCTION

This case comes before the court on the defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The defendant alternatively moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).[1]

---

1. While some discovery at the administrative level has taken place, discovery under the Federal Rules of Civil Procedure has not begun. Accordingly, the court has not considered matters outside the pleadings in reaching this opinion, and will treat the defendant's

The plaintiff, Sampath Krishnan ("the plaintiff" or "Mr. Krishnan"), brings this suit for damages, back pay, and a retroactive promotion under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Specifically, the plaintiff alleges that the Department of Transportation ("the defendant" or "DOT") discriminated against him on the basis of his race, age, and national origin by not promoting him in 1997 to a GS–15 position in the Federal Aviation Administration ("FAA"), a DOT subdivision.

The defendant asserts that the plaintiff has failed to exhaust his administrative remedies, and thus that the court lacks subject-matter jurisdiction to hear this case. *See* FED.R.CIV.P. 12(b)(1). Moreover, the defendant claims that the complaint has not made out a prima-facie case of discrimination. Thus, the defendant also moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). For the reasons listed in Section III below, the court will deny the defendant's motion to dismiss.

In addition, the court notes that when the plaintiff filed his complaint in federal court on May 8, 2000, he was proceeding *pro se.*[2] Perhaps understandably, then, the plaintiff does not clearly plead his various causes of action. For example, the complaint's "Statement of Claim" section alleges only in very general terms that the plaintiff has suffered discrimination. *See* Compl. at 7–8. In addition, while the text of the complaint seems to plead several counts—i.e., (1) the 1997 discriminatory refusal to promote based on race, national origin, and age, (2) a hostile work environment, and (3) a continuing violation—the "Prayer for Relief" section covers only the allegedly discriminatory refusal to promote in 1997. *See id.* at 8–9. Accordingly, this Memorandum Opinion will address only the 1997 count, and the court's ruling will apply only to the 1997 count.

■ The court, however, will give the plaintiff an opportunity to clarify the parameters of his action, if he so chooses, by adding any other possible counts besides the 1997 failure-to-promote claim. Thus, the court *sua sponte* will grant the plaintiff leave to amend his complaint by the date specified in the accompanying Order. The defendant, of course, will have an opportunity to respond to any amended complaint according to the timetable prescribed by the Federal Rules of Civil Procedure.

## II. BACKGROUND

The plaintiff, Sampath Krishnan, is a 57–year–old Asian male who was born in Madras, India on June 7, 1943. *See* Compl. at 2, 6; Pl.'s Opp'n at 2. A citizen of the United States, Mr. Krishnan works in the FAA's National Airspace System ("NAS") operations program ("AOP") as a GS–14 Transportation Management Specialist/Program Manager. *See* Pl.'s Opp'n at 2–3. He has held his current position for more than eight years. *See id.* at 3.

With both a degree in physics and mathematics from Madras University in India and a Masters degree in business management and finance from the New York Institute of Technology, the plaintiff joined the FAA in 1987.[3] *See* Compl. at 3. He was the second person hired by the

---

motion as a motion to dismiss. *See* FED. R.CIV.P. 12(b).

**2.** The plaintiff retained counsel before responding to the instant motion.

**3.** In 1993, Mr. Krishnan also earned a Masters of Science degree in Acquisition and Contract Management from the Florida Institute of Technology. *See* Compl. at 2.

then-brand new Telecommunications Management and Operations Division, and "has been a key person in designing and initiating the various programs now operating in that Division." *See id.* Mr. Krishnan has remained at the GS–14 level since 1989. *See* Compl. at 5. During Mr. Krishnan's tenure at the FAA, he has applied for more than 25 promotions, but has never been promoted to the GS–15 level. *See id.*

The current dispute revolves around two promotions Mr. Krishnan sought in 1997 but did not receive. During the time period in question, the FAA advertised two GS–15 level Program Manager positions in vacancy announcements AWA–AOP–97 10013–15182 ("AOP 400") and 10128–15242 ("AOP 500"). *See* Compl. at 6. On May 16, 1997, the defendant appointed Jay Rupp, then a 32–year–old white male, to the AOP 400 position. *See* Pl.'s Opp'n at 8. On the same day, the defendant appointed Jeff Yarnell, then a 39–year–old white male, to the AOP 500 position. *See id.*

On May 19, 1997, John Zalenchak, a member of the defendant's interviewing panel and selection panel, e-mailed all the candidates regarding the selections for the promotions. Mr. Krishnan, however, claims that he did not receive this correspondence, and was not aware of the promotions until a co-worker informed him of the selections on June 6, 1997. *See id.* In his affidavit, Mr. Krishnan says, "I was on official business travel from May 19, 1997 through May 23, 1997. . . . I did not return to the office until Tuesday, May 27, 1997 because of the Memorial Day holiday." *See* Pl.'s Opp'n, Ex. 1.

On July 8, 1997, the plaintiff contacted an Equal Employment Officer ("EEO") to seek counseling and to discuss his belief that his non-selection to AOP 400 and AOP 500 was based on discriminatory animus. *See* Compl., Ex. 1. After EEO counseling failed to resolve the problem, the plaintiff filed a formal administrative complaint with the Equal Employment Opportunity Commission ("EEOC") on November 7, 1997. *See* Pl.'s Opp'n at 9. After an agency investigation, Mr. Krishnan requested a hearing before an administrative law judge. *See id.* On February 2, 2000, Administrative Judge Kevin M. Kraham granted summary judgment for the defendant. *See id.* The plaintiff filed the instant case on May 8, 2000.

## III. ANALYSIS

### A. Legal Standard

 In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g., Pitney Bowes v. United States Postal Serv.,* 27 F.Supp.2d 15, 19 (D.D.C.1998) (Urbina, J.). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence. *See Darden v. United States,* 18 Cl.Ct. 855, 859 (Cl.Ct.1989). While the court must accept all well-pled allegations of fact, allegations that are overbroad and unsupported by specific factual averments are insufficient to state a claim on which relief can be granted. *See DeVoren Stores, Inc. v. Philadelphia,* 1990 WL 10003, *1 (E.D.Pa.1990); *Crowder v. Jackson,* 527 F.Supp. 1004, 1006 (W.D.Pa. 1981).

For a complaint to survive a rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. *See* FED.R.CIV.P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether

the plaintiff has properly stated a claim. *See* FED.R.CIV.P. 12(b)(6); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. D.C.*, 73 F.3d 418, 422 (D.C.Cir.1996). As with rule 12(b)(1) motions, the court must accept as true all well-pleaded factual allegations. *See Pitney Bowes*, 27 F.Supp.2d at 19.

## B. The Plaintiff Has Exhausted His Administrative Remedies

■ As a threshold matter, the defendant claims that the plaintiff has not complied with EEOC regulations regarding counseling deadlines. Before filing a discrimination suit in federal court, a Title VII plaintiff must exhaust her administrative remedies. *See Brown v. General Serv. Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The Code of Federal Regulations ("CFR") states that individuals wishing to bring suit on the basis of race, color, religion, sex, national origin, age, or handicap must first attempt to resolve the matter informally with an EEO counselor, and that the initial contact with the counselor must take place within 45 days of the defendant's allegedly discriminatory action. *See* 29 C.F.R. § 1614.105(a). The CFR also provides that the 45-day limitations period is triggered when a "complainant should reasonably suspect discrimination, but before all the facts that would support a charge of discrimination have become apparent." 29 C.F.R. § 1614.105(b).

■ In this case, the defendant contends that the plaintiff reasonably should have suspected the alleged discrimination when Mr. Zalenchak e-mailed the promotion list to all applicants on May 19, 1997. *See* Mot. to Dis. at 11–12. Thus, the defendant maintains that the plaintiff's July 8, 1997 contact with the EEOC would be 50 days after the discriminatory act, and would exceed the limitations period.

On a motion to dismiss, however, the court must accept all the plaintiff's well-pled allegations as true. *See Pitney Bowes*, 27 F.Supp.2d at 19. In his affidavit, the plaintiff states that he did not learn of his non-selection until a co-worker informed him on June 6, 1997. Accepting this as true, the court determines that the plaintiff initiated contact with the EEOC well within the 45–day limitations period. Furthermore, the plaintiff alleges that he attempted to contact an EEO counselor before July 8, but had difficulty finding a counselor to speak with since several counselors were out on sick leave, were traveling, or already had a full caseload. *See* Pl.'s Opp'n, Ex. 1. Accordingly, the court holds that the plaintiff properly exhausted his administrative remedies, and therefore denies the defendant's motion to dismiss pursuant to Rule 12(b)(1).

## C. The Plaintiff Has Stated a Claim on Which Relief Can Be Granted

■ The defendant next asserts that Mr. Krishnan has failed to state a claim on which relief can be granted because he has not established a prima-facie case of discrimination. Specifically, the defendant contends that Mr. Krishnan has not demonstrated that he was similarly situated with respect to the employees selected for the promotions. *See* Mot. to Dis. at 25. The D.C. Circuit has held, however, that a plaintiff does not have to " 'make out a prima facie case of discrimination' in his complaint, specifically point to 'similarly situated employees who were given preferential treatment over him,' or offer 'evidence to demonstrate that [the defen-

dant's] reasons for firing him were pretextual.' " *Sparrow v. United Air Lines,* 216 F.3d 1111, 1114 (D.C.Cir.2000) (internal citations omitted). Furthermore, the D.C. Circuit has interpreted Federal Rule of Civil Procedure 8(a)(2)'s liberal pleading standard to mean that "[c]omplaints 'need not plead law or match facts to every element of a legal theory.' " *See Krieger v. Fadely,* 211 F.3d 134, 136 (D.C.Cir.2000) (quoting *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998)).

The parties do not dispute that Mr. Krishnan is a member of several protected classes based on his race, color, national origin, and age. It is clear from the complaint that Mr. Krishnan is claiming non-promotion to GS–15 due to his race, color, national origin, and age. The D.C. Circuit has stated, "In sum, we agree [that]: Because racial discrimination in employment is 'a claim upon which relief can be granted,' ... 'I was turned down for a job because of my race' is all a complaint has to say' to survive a motion to dismiss under Rule 12(b)(6)." *Sparrow,* 216 F.3d at 1115 (quoting *Bennett,* 153 F.3d at 518). In this case, the complaint undoubtedly meets this threshold. Accordingly, the court denies the defendant's motion to dismiss under Rule 12(b)(6).

## IV. CONCLUSION

For all these reasons, the court denies the defendant's motion to dismiss. An order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of April, 2001.

### *ORDER*

DENYING THE DEFENDANT'S MOTION TO DISMISS; *SUA SPONTE* GRANTING THE PLAINTIFF LEAVE TO AMEND HIS COMPLAINT

For the reasons set forth in the court's Memorandum Opinion issued separately

and contemporaneously this 29th day of April, 2001, it is

**ORDERED** that the defendant's motion to dismiss shall be and hereby is **DENIED;** and it is

**FURTHER ORDERED** that the court shall grant the plaintiff leave to amend his complaint until **Monday, June 4, 2001.**

**SO ORDERED.**